Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN 250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50,<br><br>Defendants. | **CASE NO.**<br><br>**DEFENDANT WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br><br>Complaint Filed: December 18, 2023<br>Trial Date: None Set<br><br>[Superior Court of California, County of Riverside Case No. CVRI2306778] |

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

# NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF DEON MCDANIEL, AND PLAINTIFF'S ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendants Wayfair Inc. and Wayfair LLC (collectively, "Wayfair" or "Defendants") hereby remove the above-entitled action from the Superior Court of California, County of Riverside to the United States District Court, Central District of California, Eastern Division. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1) because this is a civil action between "citizens of different States" and the amount in controversy exceeds $75,000. In support of this removal, Defendants state as follows:

## PROCEDURAL BACKGROUND

1. On December 18, 2023, Plaintiff Deon McDaniel filed a complaint in the Superior Court of California, County of Riverside entitled *Deon McDaniel v. Wayfair Inc. et al.*, Case No. CVRI2306778 (the "State Action"). On or around January 2, 2024, Defendants Wayfair Inc. and Wayfair LLC were served with the Summons and Complaint. *See* Declaration of Melvin L. Felton ("Felton Decl.") ¶ 3.

2. The Complaint purports to assert eight causes of action for (1) Disability/Medical Condition Discrimination; (2) Failure to Provide Reasonable Accommodations; (3) Failure to Engage in the Interactive Process; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Harassment, Retaliation, or Discrimination; (6) Whistleblower Retaliation Labor Code 1102.5; (7) Whistleblower Retaliation Labor Code 98.6; and (8) Wrongful Termination in Violation of Public Policy. Felton Decl., Ex. 1, Compl. ¶¶ 26-96.

## TIMELINESS OF REMOVAL AND PROCEDURAL REQUIREMENTS

3. Defendants have thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.SC. § 1446(b).

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

4. Defendants Wayfair Inc. and Wayfair LLC. were initially served on or around January 2, 2024. *See* Felton Decl. ¶ 3 & Exs. 2-3. Therefore, this Notice of Removal is timely. *See id*.; 28 U.SC. § 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Defendants' possession are attached as **Exhibit 1** to the Felton Declaration concurrently filed herewith.[1]

## THE COURT HAS ORIGINAL JURISDICTION BASED ON DIVERSITY

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and Defendants may remove it from state to federal court pursuant to 28 U.S.C. section 1441(b), in that this action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

### Diversity Jurisdiction Exists Between Plaintiff and Defendants

#### Plaintiff is a Citizen of California

7. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

8. Plaintiff alleges that he is an "individual residing in the State of

---

[1] If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert defenses including, without limitation, the defenses of (1) lack of jurisdiction over person, (2) improper venue and/or forum non conveniens, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join indispensable parties, and/or (8) any other procedural or substantive defense available under state and/or federal law.

California." Felton Decl., Ex. 1, Compl. ¶ 1. Furthermore, Plaintiff's last known address on file with Wayfair is located in California. *See* Declaration of Vinh Ho ("Ho Decl.") ¶ 5. During his employment with Wayfair LLC, Plaintiff lived, worked, and was physically present in California, thus demonstrating an intent to remain in California by residing and working in the State. *Id.* ¶ 5; Felton Decl., Ex. 1, Compl. ¶ 1. Therefore, Plaintiff was at all relevant times a citizen of California.

### **Defendant Wayfair LLC Is Not A Citizen Of California**

9. Wayfair LLC is now, and was at the time of the filing of this action, a citizen of a state other than California. 28 U.S.C. § 1332(c)(1).

10. For diversity purposes, a limited liability company's citizenship is determined based on the citizenship of each member of the company. *See Cosgrove v. 15 Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11. Wayfair LLC is a limited liability company formed in the State of Delaware. Ho Decl. ¶ 7 & Ex. 1; Felton Decl., Ex., Compl. 1 ¶ 3. The sole member of Wayfair LLC is SK Retail, Inc. ("SK Retail"). Ho Decl. ¶ 8.

12. As a corporation, SK Retail is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

13. SK Retail is now, and ever since this action commenced has been, incorporated under the laws of the State of Massachusetts. Ho Decl. ¶ 8 & Ex. 3.

14. Furthermore, Boston, Massachusetts is the site of SK Retail, Inc.'s corporate headquarters and executive offices, where its high-level officers direct, control, and coordinate its activities. *Id.* ¶ 9. Many of SK Retail's executive and administrative functions, including corporate financing and accounting, are directed from Boston, Massachusetts. *Id*.

15. Nearly all of SK Retail's corporate decisions, including operational, executive, administrative and policymaking, are made from its Boston, Massachusetts

headquarters, including human resources, finance and accounting, treasury, legal, payroll, and safety. *Id.* Accordingly, SK Retail's principal place of business is Boston, Massachusetts under the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

16. Therefore, because Wayfair LLC's sole member is a citizen of Massachusetts, Wayfair LLC is not a California citizen for purposes of diversity jurisdiction.

**Defendant Wayfair Inc. Is Not A Citizen Of California**

17. Wayfair Inc. is now, and was at the time of the filing of this action, a citizen of a state other than California. 28 U.S.C. § 1332(c)(1).

18. As explained above, as a corporation, Wayfair Inc. is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. *Id*. § 1332(c).

19. Wayfair Inc. is incorporated in the State of Delaware. Ho Decl. ¶ 10 & Ex. 4; Felton Decl., Ex. 1, Compl. ¶ 2.

20. Wayfair Inc.'s principal place of business, headquarters, and corporate offices are located in Boston, Massachusetts, which is where it performs most if its executive and administrative functions. Ho Decl. ¶ 10 & Ex. 4.

21. Nearly all of Wayfair Inc.'s corporate decisions, including operational, executive, administrative and policymaking, are made from its Boston Massachusetts headquarters, including human resources, finance and accounting, treasury, legal, payroll, and safety. *Id.* Accordingly, Wayfair Inc.'s principal place of business is Boston, Massachusetts under the "nerve center" test. *Hertz Corp.,* 559 U.S. at 92-93.

22. Therefore, because Wayfair Inc. is a citizen of Delaware and Massachusetts, Wayfair Inc. is not a California citizen for purposes of diversity jurisdiction.

/ / /

/ / /

**Defendants Sued Under Fictitious Names, Including Purported Defendant "VALARIE (Last Name Unknown)," Must Be Disregarded**

23. Under 28 U.S.C. section 1441(b)(1), "[i]n determining whether a civil action is removable" based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names *shall* be disregarded." 28 U.S.C. § 1441(b)(1) (emphasis added). Thus, Courts *must* disregard defendants sued under fictious names. *See id*.

24. Accordingly, the existence of Doe Defendants 1-50 does not deprive this Court of jurisdiction. *Id*.

25. Likewise, the defendant named as "VALERIE (Last Name Unknown)" is sued under a fictitious name. Thus, the Court must disregard this defendant for purposes of diversity jurisdiction. *Id*.; *see also, e.g., Schickel v. Wal-Mart Stores, Inc.*, Case No. 1:08-cv-981, 2008 WL 11381369, at *1 (N.D. Ohio July 25, 2008) ("Defendant Toya Doe is a defendant sued under a fictitious name and her citizenship will be disregarded."); *Joshi v. K-Mart Corp.*, Case No. 06-5448, 2007 WL 2814599, at *2 (D.N.J. Sept. 25, 2007) ("Defendant Frank Last Name Unknown is a party sued under a fictitious name . . . pursuant to Section 1441(a), the citizenship of Defendant Frank Last Name Unknown shall be disregarded").

**Purported Defendant "VALARIE (Last Name Unknown)" Also Must Be Disregarded For The Additional Reason That She Is A Sham Defendant**

26. Defendants have been able to ascertain that the individual sued as "VALARIE (Last Name Unknown)" is Valarie Bonilla, a talent manager at Wayfair LLC. Ms. Bonilla is a sham defendant, fraudulently joined for the sole purpose of destroying diversity jurisdiction, and she should be disregarded.

27. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods*

*Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The absence of any meaningful allegations against a defendant renders him or her a sham defendant. *Brown v. Allstate Ins. Co.*, 17 F. Supp.2d 1134, 1136-37 (S.D. Cal. 1998) (dismissing claims against non-diverse individual defendants because "no material allegations against these defendants are made.").

28. Here, the Complaint purports to assert a single cause of action against Ms. Bonilla for "Whistleblower Retaliation" under "California Labor Code section 1102.5 *et seq.*" Felton Decl., Ex. 1, Compl. ¶¶ 71-79.

29. The Complaint does not contain a *single* factual allegation referencing Ms. Bonilla. *See* Felton Decl., Ex. 1, Compl. Plaintiff does not allege that Ms. Bonilla engaged in any conduct whatsoever, much less any wrongful conduct that could give rise to liability. *See id.* The Court can and should disregard her for this reason alone. *See Brown*, 17 F. Supp.2d at 1136-37 ("The complaint as it existed at removal does not allege any wrongdoing by the individual defendants . . . Therefore, these defendants are fraudulently joined . . . .")

30. Furthermore, Plaintiff's claim against Ms. Bonilla under California Labor Code section 1102.5 fails as a matter of law for several additional reasons.

31. "The language of Cal. Lab. Code § 1102.5 . . . has consistently been construed by district courts in the Ninth Circuit to preclude individual liability by a manager or other non-employer." *Gonzalez v. Trojan Battery Co.*, LLC, Case No. 220CV02735SVWMRW, 2020 WL 2857487, at *2 (C.D. Cal. June 2, 2020) (denying motion to remand); *see also Dias v. Burberry Ltd.*, Case No. 21-CV-192-MMA, 2021 WL 2349730, at *5 (S.D. Cal. June 9, 2021) (explaining that it "is not possible" to hold an individual supervisory employee "liable . . . under section 1102.5"); *CTC Glob. Corp. v. Huang*, Case No. SACV1702202AGKESX, 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018) ("[S]ection 1102.5 precludes individual liability"). Indeed, Plaintiff's own Complaint asserts that section 1102.5 prohibits an "*employer* from retaliating against an employee." Felton Decl., Ex. 1, Compl. ¶ 72 (emphasis added).

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

1  Accordingly, as a matter of law, Plaintiff cannot plead a claim against Ms. Bonilla
2  under California Labor Code section 1102.5.

3      32.  Furthermore, even assuming for the sake of argument that an individual employee could be liable under section 1102.5, Plaintiff has not alleged and cannot allege any facts demonstrating that Ms. Bonilla violated the statute.  As pled, this is not a whistle-blower case, and simply contending that it is does not make it so.  The Complaint contains a lone and conclusory assertion that "[d]uring the course of his employment, Plaintiff reported what he reasonably believed to be unlawful conduct to Defendants."  Felton Decl., Ex. 1, Compl. ¶ 73.  The Complaint fails to specify which subdivision of section 1102.5 Defendants supposedly violated. *Id*. ¶¶ 71-79. Although Plaintiff asserts that he reported "unlawful conduct" to Defendants, the Complaint fails to identify what the "conduct" was, and which "state or federal statute . . . [or] local, state, or federal rule or regulation" made it "unlawful." Cal. Labor Code § 1102.5(a)-(c).  Indeed, the Complaint does not even allege that Plaintiff reported anything whatsoever specifically to Ms. Bonilla. *Id*. ¶¶ 71-79.

    33.  Plaintiff's vague assertion that he reported unspecified unlawful conduct, at some unspecified time, to unspecified persons, does not come close to satisfying basic pleading requirements. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also, e.g.*, *Dauth v. Convenience Retailers, LLC*, Case No. C 13-00047, 2013 WL 5340396, at *2 (N.D. Cal. Sept. 24, 2013) (rejecting "conclusory allegations" of whistleblower retaliation and explaining that Plaintiff must specify which subdivision of section 1102.5 was allegedly violated , as well as "the law, rule, or regulation that supports her claim"); *Lewis v. San Francisco*, Case No. C 11-5273, 2012 WL 2367877, at *3 (N.D. Cal. June 21, 2012) (dismissing claim where plaintiff "allege[d] no facts showing that the alleged adverse action . . . was in retaliation for his having refused to participate in an activity that would result in a violation of state or federal law"); *La v. San Mateo Cnty. Transit Dist*., Case No. 14-CV-01768-WHO, 2014 WL 4632224, at *5 (N.D. Cal. Sept. 16, 2014) (plaintiffs must "allege the

specific rule, regulation or statute they reasonably believed had been violated, and the factual basis for their reasonable belief").

34. Accordingly, for the multitude of reasons explained above, Plaintiff has not alleged and cannot allege a claim against Ms. Bonilla, and the Court should disregard her as a sham defendant for purposes of diversity jurisdiction.

### The Amount in Controversy Exceeds the Statutory Minimum

35. While Wayfair denies any liability as to Plaintiff's claims, the Court has jurisdiction over this case because, in addition to meeting the prerequisite of complete diversity of parties, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

#### Plaintiff's Prayer For Relief Establishes That The Amount In Controversy Is At Least $75,000

36. Under 28 U.S.C. section 1446(c)(2), if removal is sought based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading *shall* be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2) (emphasis added). Thus, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Further, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. "Plaintiffs need not itemize or show how they arrived at the amounts of damages claimed." Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2C-8 § 2:1750. Indeed, where, as here, the Complaint specifies the amount of damages sought, a "general conclusory allegation that the damages exceed the minimum jurisdictional limit is usually sufficient." *Id*.

37. Here, the Complaint specifies that it seeks at least $1,200,000 in damages. Felton Decl., Ex. 1, Compl. at 18 (Prayer for Relief). Thus, both Plaintiff and Defendants agree that the amount in controversy requirement is satisfied.

- 8 -
DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

<u>The Amount At Issue Based On Plaintiff's Claims Otherwise Exceeds $75,000</u>

38. Removal is proper if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a). *Id*. § 1446(c)(2)(B). The preponderance standard is not "daunting." *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, No. CIV. S-07-0325FCDEFB, at *2 (E.D. Cal. May 1, 2007); *see Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)).

39. Here, Plaintiff's claims and allegations demonstrate that more than $75,000 is at issue. The Complaint asserts eight causes of action against Defendants. Felton Decl., Ex. 1, Compl. ¶¶ 26-96. Plaintiff alleges that "[e]ven though Defendants knew of Plaintiff's disability/medical condition, Defendants refused to accommodate Plaintiff, instead retaliating against him." *See, e.g., id*. ¶ 40. According to Plaintiff, Defendants' conduct "subjected him to intolerable working conditions, refused to provide reasonable accommodation, failed to engage in the interactive process, failed to remedy or prevent discrimination, harassment, and retaliation, refused to allow Plaintiff to return to work, and terminated his employment." *Id*.

40. Plaintiff alleges that, as a result of Defendants' conduct, he has "suffered damages for mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress." *Id*. ¶ 45.

41. To redress his alleged injuries, Plaintiff seeks, among other relief, "general, special, [and] compensatory damages," "exemplary and punitive damages," "emotional distress damages," attorneys' fees, and "statutory and civil penalties as permitted by statute." *Id*. at 18 (Prayer for Relief).

42. If Plaintiff prevails on his retaliation, wrongful termination, and/or discrimination claims, he potentially could recover the amount he would have earned up through the date of trial, including any benefits or pay increases. *See, e.g., James v. Childtime Childcare, Inc.*, Case No. CIV.S-06-2676, 2007 WL 1589543, at *2 n.2 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

43. Plaintiff alleges that he "earned $18.75 per hour and worked approximately 52 hours per week." Felton Decl., Ex. 1, Compl. ¶ 15. He further alleges that his employment ended on September 26, 2023. If he were to recover back wages from September 26, 2023 to the present (16 weeks), those wages would total $15,600. Moreover, if this case proceeds to trial in January 2025 (one year from removal), and Plaintiff remains unemployed, he could seek an additional $48,650 ($18.75 per hour *x* 52 hours per week *x* 52 weeks).

44. Moreover, front pay awards in California frequently span a number of years. *See, e.g., Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (10 years). Even conservatively estimating that Plaintiff seeks front pay benefits for the three years after trial, the amount of future wages would total at least an additional $146,250 ($18.75 per hour x 52 hours per week x 156 weeks).

45. Accordingly, Plaintiff could seek more than $210,000 based solely on front pay and back pay ($15,600 + $48,650 + 146,250).

46. Additionally, should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in similar disability discrimination and wrongful termination cases where the awarded damages exceeded that amount. *See, e.g., Rivera v. Costco Wholesale Corp.*, 2014 WL 8108415 (Riverside Sup. Ct.) (jury award of $1,686,500 (reduced by the Court to $1,186,500) in disability discrimination and wrongful termination action); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee for disability discrimination and violation of the Fair Employment and Housing Act); *Aboulafia v. GACN In*c., 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Jolly v. City of Long Beach,* 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee in disability discrimination action); *Quiroz v. Ralphs Grocery Company*, 2012 WL 3745798 (L.A. County Sup. Ct.) (award of $490,356 to employee in disability discrimination action); *Ybarra v. Dacor Holding Inc*., 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action).

### Penalties

47.   Plaintiff seeks "statutory and civil penalties as permitted by statute." Felton Decl., Ex. 1, Compl. at 18 (Prayer for Relief).  Plaintiff's Seventh Cause of Action arises under California Labor Code section 98.6. *Id*. ¶¶ 80-88. An employer who violates section 98.6 is liable for a civil penalty per employee for each violation. Cal. Labor Code § 96.8(a)(3).  Accordingly, Plaintiff's Seventh Cause of Action places an additional $10,000 in controversy.

### Punitive Damages

48.   The Court must also consider Plaintiff's requests for punitive damages in determining the amount in controversy. *See Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294.  Cal. Civ. Code § 3294.  Courts have repeatedly recognized the "potential for large punitive damage awards in employment discrimination cases." *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Indeed, Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See, e.g., Roby v. McKesson Corp*., 47 Cal. 4th 686 (2009).

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

49. Furthermore, Defendants are large corporate entities. The economic resources of Defendants is a factor in arriving at the size of a punitive award. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000).

50. Therefore, Plaintiff's request for punitive damages further weighs in favor of satisfying the amount in controversy requirement.

### Attorney's Fees

51. Attorney's fees are properly considered in calculating the amount-in-controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."). The estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Simmons*, 209 F. Supp. 2d at 1035 (noting "attorneys' fees in individual discrimination cases often exceed the damages" and "[s]uch fees necessarily accrue until action is resolved")

52. This is an action alleging disability discrimination brought under the California Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov. Code § 12940, *et seq*. Felton Decl., Ex. 1, Compl. ¶¶ 37-70. Under FEHA, the Court may award fees to the "prevailing party." Cal. Govt. Code § 12695(c)(6). The Complaint seeks an award of attorney's fees. Felton Decl., Ex. 1, Compl. ¶¶ 36, 47, 56, 63, 70, 79, 88; *see also id*. at 18 (Prayer for Relief).

53. Defendants anticipate substantial discovery and depositions being taken in this case, and that Defendants will file a Motion for Summary Adjudication and/or Summary Judgment. In this regard, it is more likely than not that the fees will exceed $75,000 through extensive discovery and a summary judgment hearing, and the fees

certainly would exceed $75,000 if the case proceeds to trial. *See* Felton Decl. ¶ 5 & Ex. 4 (*Bayer, et al. v. Morse, et al.*, Case No. CGC-13-534482 (Superior Court of California, County of San Francisco August 26, 2015) (costs of bringing suit including attorney's fees resulted in total judgment of $742,615.28 where jury verdict was only $370,000)).

54. Considered together, the general and special damages sought by Plaintiff for all his claims, penalties, attorney's fees, and punitive damages that might be awarded on his claims if he prevails, establishes by a preponderance of the evidence that the amount in controversy for his claim exceeds $75,000.

**VENUE AND INTRADISTRICT ASSIGNMENT**

55. As discussed above, Plaintiff is a resident of California residing in Riverside County, California. Ho Decl. ¶ 5.

56. Plaintiff originally filed this action in the Superior Court of the State of California for the County of Riverside. The County of Riverside lies within the jurisdiction of the United States District Court, Central District of California, Eastern Division.

57. This Court is the United States District Court for the district within which the State Court Action is pending. Therefore, pursuant to 28 U.S.C. §§ 1391(c)(1), 1441(a) and 1446(a), venue lies in the Central District, Eastern Division, of this Court.

**NOTICE TO STATE COURT AND PLAINTIFF**

58. As required by 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this Notice of Removal to Brent Marlis, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Riverside County.

**CONCLUSION**

59. Having complied with all pertinent requirements, Defendants remove this action from the Superior Court of Riverside County, California, to this Court and respectfully invoke the Court's jurisdiction.

| | |
|---|---|
| Dated:  January 17, 2024 | **SANDERS ROBERTS LLP**<br><br>By: _____<br>Melvin L. Felton, Esq.<br>Anand Singh, Esq.<br>Attorneys for Defendants<br>**WAYFAIR INC. AND WAYFAIR LLC** |