Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN 250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S CERTIFICATE OF SERVICE OF NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed: December 18, 2023<br>Trial Date: None Set<br><br>[Riverside County Superior Court Case No. CVRI2306778] |

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

I, Allison Webster, hereby declare and state as follows:

I am over the age of 18 and am not a party to this action. My business address is 1055 W. 7th St., Suite 3200, Los Angeles, California. My email address is awebster@sandersroberts.com, which is which is the email address from where the service described below took place.

On January 18, 2024, I caused to be filed and served on the Riverside County Superior Court an original document entitled Notice to State Court and Adverse Party of Notice of Removal of Action to Federal Court, a true and correct copy of which is attached hereto as **Exhibit A.**

On January 18, 2024, I also caused a PDF copy of the above- referenced document(s) to be transmitted by electronic email to the party(s) identified on the attached service list using the email address(es) as follows:

brent@workjustice.com

garen@workjustice.com

jackson@workjustice.com

I did not receive, within a reasonable time of transmission(s), any electronic message or other indication that the transmission was unsuccessful. A true and correct copy of my email to Mr. Marlis, Mr. Nadir, and Mr. Scalia. including a PDF copy of the Notice to State Court and Adverse Party of Notice of Removal of Action to Federal Court is attached hereto as **Exhibit B.**


Executed this 18th day of January 2024, at Los Angeles, CA.


 /s/ Allison Webster
Allison Webster

CERTIFICATE OF SERVICE OF NOTICE TO STATE COURT AND ADVERSE
PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

**EXHIBIT A**

Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN  250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>        Plaintiff,<br><br>     v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50<br><br>        Defendants. | **CASE NO. CVRI2306778**<br><br>**DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br><br>Judge:      Hon. O.G. Magno<br>Dept.:      7<br><br>Complaint Filed:    December 18, 2023 |

1  **TO THE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that Defendants Wayfair Inc. and Wayfair LLC (collectively,

3  "Defendants"), by their counsel of record, Sanders Roberts LLP, filed a Notice of Removal of this

4  action with the United States District Court for the Central District of California, Eastern

5  Division, assigned Case Number 5:24-cv-00109 on January 17, 2024.

6      A copy of the file-stamped Notice of Removal is attached to this notice as **Exhibit 1**.

7

8  Dated: January 18, 2024            **SANDERS ROBERTS LLP**

9

10  By: _____
       Melvin L. Felton, Esq.

11         Anand Singh, Esq.
       Attorneys for Defendants

12         **WAYFAIR INC. AND WAYFAIR LLC**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

- 1 -

**EXHIBIT 1**

Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN 250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50,<br><br>Defendants. | **CASE NO.**<br><br>**DEFENDANT WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br><br>Complaint Filed: December 18, 2023<br>Trial Date: None Set<br><br>[Superior Court of California, County of Riverside Case No. CVRI2306778] |

<u>**NOTICE OF REMOVAL**</u>

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF DEON MCDANIEL, AND PLAINTIFF'S ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendants Wayfair Inc. and Wayfair LLC (collectively, "Wayfair" or "Defendants") hereby remove the above-entitled action from the Superior Court of California, County of Riverside to the United States District Court, Central District of California, Eastern Division.  This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1) because this is a civil action between "citizens of different States" and the amount in controversy exceeds $75,000.  In support of this removal, Defendants state as follows:

**PROCEDURAL BACKGROUND**

1.     On December 18, 2023, Plaintiff Deon McDaniel filed a complaint in the Superior Court of California, County of Riverside entitled *Deon McDaniel v. Wayfair Inc. et al.*, Case No. CVRI2306778 (the "State Action").  On or around January 2, 2024, Defendants Wayfair Inc. and Wayfair LLC were served with the Summons and Complaint.  *See* Declaration of Melvin L. Felton ("Felton Decl.") ¶ 3.

2.     The Complaint purports to assert eight causes of action for (1) Disability/Medical Condition Discrimination; (2) Failure to Provide Reasonable Accommodations; (3) Failure to Engage in the Interactive Process; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Harassment, Retaliation, or Discrimination; (6) Whistleblower Retaliation Labor Code 1102.5; (7) Whistleblower Retaliation Labor Code 98.6; and (8) Wrongful Termination in Violation of Public Policy.  Felton Decl., Ex. 1, Compl. ¶¶ 26-96.

**TIMELINESS OF REMOVAL AND PROCEDURAL REQUIREMENTS**

3.     Defendants have thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case.  28 U.S.C. § 1446(b).

- 1 -

4.      Defendants Wayfair Inc. and Wayfair LLC. were initially served on or around January 2, 2024.  *See* Felton Decl. ¶ 3 & Exs. 2-3.  Therefore, this Notice of Removal is timely.  *See id.*; 28 U.SC. § 1446(b).

5.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Defendants' possession are attached as **Exhibit 1** to the Felton Declaration concurrently filed herewith.[1]

**THE COURT HAS ORIGINAL JURISDICTION BASED ON DIVERSITY**

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and Defendants may remove it from state to federal court pursuant to 28 U.S.C. section 1441(b), in that this action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

**Diversity Jurisdiction Exists Between Plaintiff and Defendants**

Plaintiff is a Citizen of California

7.      For diversity purposes, a person is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely."  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is *prima facie* evidence of her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

8.      Plaintiff alleges that he is an "individual residing in the State of

---

[1] If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert defenses including, without limitation, the defenses of (1) lack of jurisdiction over person, (2) improper venue and/or forum non conveniens, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join indispensable parties, and/or (8) any other procedural or substantive defense available under state and/or federal law.

California." Felton Decl., Ex. 1, Compl. ¶ 1. Furthermore, Plaintiff's last known address on file with Wayfair is located in California. *See* Declaration of Vinh Ho ("Ho Decl.") ¶ 5. During his employment with Wayfair LLC, Plaintiff lived, worked, and was physically present in California, thus demonstrating an intent to remain in California by residing and working in the State. *Id*. ¶ 5; Felton Decl., Ex. 1, Compl. ¶ 1. Therefore, Plaintiff was at all relevant times a citizen of California.

### Defendant Wayfair LLC Is Not A Citizen Of California

9.     Wayfair LLC is now, and was at the time of the filing of this action, a citizen of a state other than California. 28 U.S.C. § 1332(c)(1).

10.     For diversity purposes, a limited liability company's citizenship is determined based on the citizenship of each member of the company. *See Cosgrove v. 15 Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

11.     Wayfair LLC is a limited liability company formed in the State of Delaware. Ho Decl. ¶ 7 & Ex. 1; Felton Decl., Ex., Compl. 1 ¶ 3. The sole member of Wayfair LLC is SK Retail, Inc. ("SK Retail"). Ho Decl. ¶ 8.

12.     As a corporation, SK Retail is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

13.     SK Retail is now, and ever since this action commenced has been, incorporated under the laws of the State of Massachusetts. Ho Decl. ¶ 8 & Ex. 3.

14.     Furthermore, Boston, Massachusetts is the site of SK Retail, Inc.'s corporate headquarters and executive offices, where its high-level officers direct, control, and coordinate its activities. *Id*. ¶ 9. Many of SK Retail's executive and administrative functions, including corporate financing and accounting, are directed from Boston, Massachusetts. *Id*.

15.     Nearly all of SK Retail's corporate decisions, including operational, executive, administrative and policymaking, are made from its Boston, Massachusetts

headquarters, including human resources, finance and accounting, treasury, legal, payroll, and safety. *Id.* Accordingly, SK Retail's principal place of business is Boston, Massachusetts under the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

16. Therefore, because Wayfair LLC's sole member is a citizen of Massachusetts, Wayfair LLC is not a California citizen for purposes of diversity jurisdiction.

## **Defendant Wayfair Inc. Is Not A Citizen Of California**

17. Wayfair Inc. is now, and was at the time of the filing of this action, a citizen of a state other than California. 28 U.S.C. § 1332(c)(1).

18. As explained above, as a corporation, Wayfair Inc. is deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business. *Id.* § 1332(c).

19. Wayfair Inc. is incorporated in the State of Delaware. Ho Decl. ¶ 10 & Ex. 4; Felton Decl., Ex. 1, Compl. ¶ 2.

20. Wayfair Inc.'s principal place of business, headquarters, and corporate offices are located in Boston, Massachusetts, which is where it performs most if its executive and administrative functions. Ho Decl. ¶ 10 & Ex. 4.

21. Nearly all of Wayfair Inc.'s corporate decisions, including operational, executive, administrative and policymaking, are made from its Boston Massachusetts headquarters, including human resources, finance and accounting, treasury, legal, payroll, and safety. *Id.* Accordingly, Wayfair Inc.'s principal place of business is Boston, Massachusetts under the "nerve center" test. *Hertz Corp.*, 559 U.S. at 92-93.

22. Therefore, because Wayfair Inc. is a citizen of Delaware and Massachusetts, Wayfair Inc. is not a California citizen for purposes of diversity jurisdiction.

/ / /

/ / /

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

## **Defendants Sued Under Fictitious Names, Including Purported Defendant**
## **"VALARIE (Last Name Unknown)," Must Be Disregarded**

23.     Under 28 U.S.C. section 1441(b)(1), "[i]n determining whether a civil action is removable" based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names *shall* be disregarded."  28 U.S.C. § 1441(b)(1) (emphasis added).  Thus, Courts *must* disregard defendants sued under fictious names.  *See id*.

24.     Accordingly, the existence of Doe Defendants 1-50 does not deprive this Court of jurisdiction.  *Id*.

25.     Likewise, the defendant named as "VALERIE (Last Name Unknown)" is sued under a fictitious name.  Thus, the Court must disregard this defendant for purposes of diversity jurisdiction.  *Id*.; *see also, e.g., Schickel v. Wal-Mart Stores, Inc*., Case No. 1:08-cv-981, 2008 WL 11381369, at *1 (N.D. Ohio July 25, 2008) ("Defendant Toya Doe is a defendant sued under a fictitious name and her citizenship will be disregarded."); *Joshi v. K-Mart Corp*., Case No. 06-5448, 2007 WL 2814599, at *2 (D.N.J. Sept. 25, 2007) ("Defendant Frank Last Name Unknown is a party sued under a fictitious name . . . pursuant to Section 1441(a), the citizenship of Defendant Frank Last Name Unknown shall be disregarded").

## **Purported Defendant "VALARIE (Last Name Unknown)" Also Must Be**
## **Disregarded For The Additional Reason That She Is A Sham Defendant**

26.     Defendants have been able to ascertain that the individual sued as "VALARIE (Last Name Unknown)" is Valarie Bonilla, a talent manager at Wayfair LLC.  Ms. Bonilla is a sham defendant, fraudulently joined for the sole purpose of destroying diversity jurisdiction, and she should be disregarded.

27.     "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods*

*Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The absence of any meaningful allegations against a defendant renders him or her a sham defendant. *Brown v. Allstate Ins. Co*., 17 F. Supp.2d 1134, 1136-37 (S.D. Cal. 1998) (dismissing claims against non-diverse individual defendants because "no material allegations against these defendants are made.").

28. Here, the Complaint purports to assert a single cause of action against Ms. Bonilla for "Whistleblower Retaliation" under "California Labor Code section 1102.5 *et seq*." Felton Decl., Ex. 1, Compl. ¶¶ 71-79.

29. The Complaint does not contain a *single* factual allegation referencing Ms. Bonilla. *See* Felton Decl., Ex. 1, Compl. Plaintiff does not allege that Ms. Bonilla engaged in any conduct whatsoever, much less any wrongful conduct that could give rise to liability. *See id*. The Court can and should disregard her for this reason alone. *See Brown*, 17 F. Supp.2d at 1136-37 ("The complaint as it existed at removal does not allege any wrongdoing by the individual defendants . . . Therefore, these defendants are fraudulently joined . . . .")

30. Furthermore, Plaintiff's claim against Ms. Bonilla under California Labor Code section 1102.5 fails as a matter of law for several additional reasons.

31. "The language of Cal. Lab. Code § 1102.5 . . . has consistently been construed by district courts in the Ninth Circuit to preclude individual liability by a manager or other non-employer." *Gonzalez v. Trojan Battery Co*., LLC, Case No. 220CV02735SVWMRW, 2020 WL 2857487, at *2 (C.D. Cal. June 2, 2020) (denying motion to remand); *see also Dias v. Burberry Ltd*., Case No. 21-CV-192-MMA, 2021 WL 2349730, at *5 (S.D. Cal. June 9, 2021) (explaining that it "is not possible" to hold an individual supervisory employee "liable . . . under section 1102.5"); *CTC Glob. Corp. v. Huang*, Case No. SACV1702202AGKESX, 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018) ("[S]ection 1102.5 precludes individual liability"). Indeed, Plaintiff's own Complaint asserts that section 1102.5 prohibits an "*employer* from retaliating against an employee." Felton Decl., Ex. 1, Compl. ¶ 72 (emphasis added).

1    Accordingly, as a matter of law, Plaintiff cannot plead a claim against Ms. Bonilla

2    under California Labor Code section 1102.5.

3         32.    Furthermore, even assuming for the sake of argument that an individual

4    employee could be liable under section 1102.5, Plaintiff has not alleged and cannot

5    allege any facts demonstrating that Ms. Bonilla violated the statute.  As pled, this is

6    not a whistle-blower case, and simply contending that it is does not make it so.  The

7    Complaint contains a lone and conclusory assertion that "[d]uring the course of his

8    employment, Plaintiff reported what he reasonably believed to be unlawful conduct

9    to Defendants."   Felton Decl., Ex. 1, Compl. ¶ 73.  The Complaint fails to specify

10   which subdivision of section 1102.5 Defendants supposedly violated.  *Id*. ¶¶ 71-79.

11   Although Plaintiff asserts that he reported "unlawful conduct" to Defendants, the

12   Complaint fails to identify what the "conduct" was, and which "state or federal statute

13   . . .  [or] local, state, or federal rule or regulation" made it "unlawful." Cal. Labor

14   Code § 1102.5(a)-(c).  Indeed, the Complaint does not even allege that Plaintiff

15   reported anything whatsoever specifically to Ms. Bonilla.  *Id*.  ¶¶ 71-79.

16        33.    Plaintiff's vague assertion that he reported unspecified unlawful conduct,

17   at some unspecified time, to unspecified persons, does not come close to satisfying

18   basic pleading requirements. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555

19   (2007); *see also, e.g.*, *Dauth v. Convenience Retailers, LLC*, Case No. C 13-00047,

20   2013 WL 5340396, at *2 (N.D. Cal. Sept. 24, 2013) (rejecting "conclusory

21   allegations" of whistleblower retaliation and explaining that Plaintiff must specify

22   which subdivision of section 1102.5 was allegedly violated , as well as "the law, rule,

23   or regulation that supports her claim"); *Lewis v. San Francisco*, Case No. C 11-5273,

24   2012 WL 2367877, at *3 (N.D. Cal. June 21, 2012) (dismissing claim where plaintiff

25   "allege[d] no facts showing that the alleged adverse action . . . was in retaliation for

26   his having refused to participate in an activity that would result in a violation of state

27   or federal law"); *La v. San Mateo Cnty. Transit Dist*., Case No. 14-CV-01768-WHO,

28   2014 WL 4632224, at *5 (N.D. Cal. Sept. 16, 2014) (plaintiffs must "allege the

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

specific rule, regulation or statute they reasonably believed had been violated, and the factual basis for their reasonable belief").

34.     Accordingly, for the multitude of reasons explained above, Plaintiff has not alleged and cannot allege a claim against Ms. Bonilla, and the Court should disregard her as a sham defendant for purposes of diversity jurisdiction.

## **The Amount in Controversy Exceeds the Statutory Minimum**

35.     While Wayfair denies any liability as to Plaintiff's claims, the Court has jurisdiction over this case because, in addition to meeting the prerequisite of complete diversity of parties, the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

### Plaintiff's Prayer For Relief Establishes That The Amount In Controversy Is At Least $75,000

36.     Under 28 U.S.C. section 1446(c)(2), if removal is sought based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading *shall* be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2) (emphasis added).  Thus, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 288 (1938)).  Further, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id*.  "Plaintiffs need not itemize or show how they arrived at the amounts of damages claimed."  Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2C-8 § 2:1750.  Indeed, where, as here, the Complaint specifies the amount of damages sought, a "general conclusory allegation that the damages exceed the minimum jurisdictional limit is usually sufficient."  *Id*.

37.     Here, the Complaint specifies that it seeks at least $1,200,000 in damages.  Felton Decl., Ex. 1, Compl. at 18 (Prayer for Relief).  Thus, both Plaintiff and Defendants agree that the amount in controversy requirement is satisfied.

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

<u>The Amount At Issue Based On Plaintiff's Claims Otherwise Exceeds $75,000</u>

38. Removal is proper if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a). *Id*. § 1446(c)(2)(B). The preponderance standard is not "daunting." *Muniz v. Pilot* Travel *Centers LLC*, 2007 WL 1302504, No. CIV. S-07-0325FCDEFB, at *2 (E.D. Cal. May 1, 2007); *see Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)).

39. Here, Plaintiff's claims and allegations demonstrate that more than $75,000 is at issue. The Complaint asserts eight causes of action against Defendants. Felton Decl., Ex. 1, Compl. ¶¶ 26-96. Plaintiff alleges that "[e]ven though Defendants knew of Plaintiff's disability/medical condition, Defendants refused to accommodate Plaintiff, instead retaliating against him." *See, e.g., id*. ¶ 40. According to Plaintiff, Defendants' conduct "subjected him to intolerable working conditions, refused to provide reasonable accommodation, failed to engage in the interactive process, failed to remedy or prevent discrimination, harassment, and retaliation, refused to allow Plaintiff to return to work, and terminated his employment." *Id*.

40. Plaintiff alleges that, as a result of Defendants' conduct, he has "suffered damages for mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress." *Id*. ¶ 45.

41. To redress his alleged injuries, Plaintiff seeks, among other relief, "general, special, [and] compensatory damages," "exemplary and punitive damages," "emotional distress damages," attorneys' fees, and "statutory and civil penalties as permitted by statute." *Id*. at 18 (Prayer for Relief).

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

42.     If Plaintiff prevails on his retaliation, wrongful termination, and/or discrimination claims, he potentially could recover the amount he would have earned up through the date of trial, including any benefits or pay increases.  *See, e.g., James v. Childtime Childcare, Inc.*, Case No. CIV.S-06-2676, 2007 WL 1589543, at *2 n.2 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

43.     Plaintiff alleges that he "earned $18.75 per hour and worked approximately 52 hours per week."  Felton Decl., Ex. 1, Compl. ¶ 15.  He further alleges that his employment ended on September 26, 2023.  If he were to recover back wages from September 26, 2023 to the present (16 weeks), those wages would total $15,600.  Moreover, if this case proceeds to trial in January 2025 (one year from removal), and Plaintiff remains unemployed, he could seek an additional $48,650 ($18.75 per hour *x* 52 hours per week *x* 52 weeks).

44.     Moreover, front pay awards in California frequently span a number of years.  *See, e.g., Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (10 years).  Even conservatively estimating that Plaintiff seeks front pay benefits for the three years after trial, the amount of future wages would total at least an additional $146,250 ($18.75 per hour x 52 hours per week x 156 weeks).

45.     Accordingly, Plaintiff could seek more than $210,000 based solely on front pay and back pay ($15,600 + $48,650 + 146,250).

46.     Additionally, should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in similar disability discrimination and wrongful termination cases where the awarded damages exceeded that amount.  *See, e.g., Rivera v. Costco Wholesale Corp., 2014 WL 8108415* (Riverside Sup. Ct.) (jury award of $1,686,500 (reduced by the Court to $1,186,500) in disability discrimination and wrongful termination action); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee for disability discrimination and violation of the Fair Employment and Housing Act); *Aboulafia v. GACN In*c., 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Jolly v. City of Long Beach,* 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee in disability discrimination action); *Quiroz v. Ralphs Grocery Company,* 2012 WL 3745798 (L.A. County Sup. Ct.) (award of $490,356 to employee in disability discrimination action); *Ybarra v. Dacor Holding Inc*., 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action).

<u>Penalties</u>

47.   Plaintiff seeks "statutory and civil penalties as permitted by statute." Felton Decl., Ex. 1, Compl. at 18 (Prayer for Relief).  Plaintiff's Seventh Cause of Action arises under California Labor Code section 98.6.  *Id.* ¶¶ 80-88.  An employer who violates section 98.6 is liable for a civil penalty per employee for each violation. Cal. Labor Code § 96.8(a)(3).   Accordingly, Plaintiff's Seventh Cause of Action places an additional $10,000 in controversy.

<u>Punitive Damages</u>

48.   The Court must also consider Plaintiff's requests for punitive damages in determining the amount in controversy.  *See Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).   California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294.  Cal. Civ. Code § 3294.   Courts have repeatedly recognized the "potential for large punitive damage awards in employment discrimination cases."  *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).   Indeed, Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases.  *See, e.g., Roby v. McKesson Corp*., 47 Cal. 4th 686 (2009).

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

49.     Furthermore, Defendants are large corporate entities.  The economic resources of Defendants is a factor in arriving at the size of a punitive award.  *See, e.g., Lane v. Hughes Aircraft Co*., 22 Cal. 4th 405, 417 (2000).

50.     Therefore, Plaintiff's request for punitive damages further weighs in favor of satisfying the amount in controversy requirement.

<u>Attorney's Fees</u>

51.     Attorney's fees are properly considered in calculating the amount-in-controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").  The estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal.  *Simmons*, 209 F. Supp. 2d at 1035 (noting "attorneys' fees in individual discrimination cases often exceed the damages" and "[s]uch fees necessarily accrue until action is resolved")

52.     This is an action alleging disability discrimination brought under the California Fair Employment and Housing Act ("FEHA").  *See* Cal. Gov. Code § 12940, *et seq*.  Felton Decl., Ex. 1, Compl. ¶¶ 37-70.  Under FEHA, the Court may award fees to the "prevailing party." Cal. Govt. Code § 12695(c)(6).  The Complaint seeks an award of attorney's fees.  Felton Decl., Ex. 1, Compl. ¶¶ 36, 47, 56, 63, 70, 79, 88; *see also id*. at 18 (Prayer for Relief).

53.     Defendants anticipate substantial discovery and depositions being taken in this case, and that Defendants will file a Motion for Summary Adjudication and/or Summary Judgment.  In this regard, it is more likely than not that the fees will exceed $75,000 through extensive discovery and a summary judgment hearing, and the fees

certainly would exceed $75,000 if the case proceeds to trial.  *See* Felton Decl. ¶ 5 & Ex. 4 (*Bayer, et al. v. Morse, et al.*, Case No. CGC-13-534482 (Superior Court of California, County of San Francisco August 26, 2015) (costs of bringing suit including attorney's fees resulted in total judgment of $742,615.28 where jury verdict was only $370,000)).

54.   Considered together, the general and special damages sought by Plaintiff for all his claims, penalties, attorney's fees, and punitive damages that might be awarded on his claims if he prevails, establishes by a preponderance of the evidence that the amount in controversy for his claim exceeds $75,000.

## VENUE AND INTRADISTRICT ASSIGNMENT

55.   As discussed above, Plaintiff is a resident of California residing in Riverside County, California.  Ho Decl. ¶ 5.

56.   Plaintiff originally filed this action in the Superior Court of the State of California for the County of Riverside.  The County of Riverside lies within the jurisdiction of the United States District Court, Central District of California, Eastern Division.

57.   This Court is the United States District Court for the district within which the State Court Action is pending.  Therefore, pursuant to 28 U.S.C. §§ 1391(c)(1), 1441(a) and 1446(a), venue lies in the Central District, Eastern Division, of this Court.

## NOTICE TO STATE COURT AND PLAINTIFF

58.   As required by 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this Notice of Removal to Brent Marlis, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Riverside County.

## CONCLUSION

59.   Having complied with all pertinent requirements, Defendants remove this action from the Superior Court of Riverside County, California, to this Court and respectfully invoke the Court's jurisdiction.

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

Dated:  January 17, 2024          **SANDERS ROBERTS LLP**

By: _____
Melvin L. Felton, Esq.
Anand Singh, Esq.
Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN 250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50,<br><br>Defendants. | **CASE NO.**<br><br>**DECLARATION OF MELVIN L. FELTON IN SUPPORT OF DEFENDANT WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br><br>Complaint Filed:   December 18, 2023<br>Trial Date:           None Set<br><br>[Superior Court of California, County of Riverside Case No. CVRI2306778] |

## <u>DECLARATION OF MELVIN L. FELTON</u>

I, Melvin L. Felton, do hereby declare and state as follows:

1.      I am a partner in the law firm of Sanders Roberts LLP and I am admitted to practice before this Court.  I am counsel of record for Defendants Wayfair Inc. and Wayfair LLC ("Defendants").  If called as a witness, I could and would testify competently to the information set forth herein.

2.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Defendants' possession are attached hereto as **Exhibit 1**.  This includes Answers filed on behalf of Defendants on January 17, 2024.  The Answers are true and correct copies of the documents filed in the State Action, and Defendants did not receive conformed copies through the electronic filing system before filing the Notice of Removal.

3.      Defendants Wayfair Inc. and Wayfair LLC were initially served with the Complaint on or around January 2, 2024.  A true and correct copy of the Proof of Service reflecting service on Wayfair Inc. is attached hereto as **Exhibit 2**.  A true and correct copy of the Proof of Service reflecting service on Wayfair Inc. is attached hereto as **Exhibit 3.**

4.      This Notice of Removal is therefore timely.

5.      As part of preparing the concurrently filed Notice of Removal, I conducted an online search of jury verdicts in California, pursuant to which I found information relating to *Bayer, et al. v. Morse, et al.*, San Francisco Superior Court Case No. CGC-13-534482 (August 26, 2015).  A true and correct copy of the information obtained is attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DECLARATION OF MELVIN L. FELTON IN SUPPORT OF DEFENDANT WAYFAIR INC'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

1          Executed this 17th day of January 2024, at Los Angeles, California.

2

3                        _____

                          MELVIN L. FELTON

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MELVIN L. FELTON IN SUPPORT OF DEFENDANT WAYFAIR
INC'S AND WAYFAIR LLC'S NOTICE OF REMOVAL

**EXHIBIT 1**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Brent P. Marlis, Esq.   SBN 284654
The Work Justice Firm
3530 Wilshire Boulevard, Suite 1460, Los Angeles, California  90010

TELEPHONE NO.: 323.775.9000     FAX NO. (Optional): 323.775.9000
E-MAIL ADDRESS: brent@workjustice.com
ATTORNEY FOR (Name): Plaintiff, Deon McDaniel

FOR COURT USE ONLY

Electronically FILED by Superior Court of California, County of Riverside on 12/18/2023 10:52 AM
Case Number CVRI2306778 0000078700373 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
McDaniel v. Wayfair, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI2306778 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 8
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 18, 2023

Brent P. Marlis, Esq.
(TYPE OR PRINT NAME)

*Brent P. Marlis*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Case 5:24-cv-00109-DNH Document 1 Filed 01/11/24 Page 28 of 110 Page ID
#:137
Electronically FILED by Superior Court of California, County of Riverside on 12/18/2023 10:52 AM
Case Number CVRI2306778 0000078700372 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company;
VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEON MCDANIEL, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, California 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>CVRI2306778 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brent P. Marlis, Esq. SBN 284654                                323.775.9000
3530 Wilshire Boulevard, Suite 1460, Los Angeles, California 90010

| DATE:<br>*(Fecha)* 12/18/2023 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

GC68150(g)

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Riverside on 12/18/2023 10:52 AM
Case Number CVRI2306778 0000078700371 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

THE WORK JUSTICE FIRM
Brent P. Marlis, SB# 284654
  E-Mail: brent@workjustice.com
Garen R. Nadir, SB# 285394
  E-mail: garen@workjustice.com
Jackson Scalia, SB# 324278
  E-Mail: jackson@workjustice.com
3530 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90010
Tel: 323.775.9000
Fax: 323.775.9000

Attorneys for Plaintiff,
DEON MCDANIEL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>    Plaintiff,<br><br>    v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50,<br><br>    Defendants. | Case No.: CVRI2306778<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Disability/Medical Condition Discrimination<br>2. Failure to Provide Reasonable Accommodations<br>3. Failure to Engage in the Interactive Process<br>4. Retaliation in Violation of FEHA<br>5. Failure to Prevent Harassment, Retaliation, or Discrimination<br>6. Whistleblower Retaliation Labor Code 1102.5<br>7. Whistleblower Retaliation Labor Code 98.6<br>8. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff DEON MCDANIEL (hereinafter "Plaintiff" or "Plaintiff McDaniel") complains of Defendant WAYFAIR, INC. ("Defendant" or "Wayfair Inc."), a Delaware Corporation; Defendant WAYFAIR, LLC. ("Defendant" or "Wayfair LLC"), a Delaware Limited Liability Company; Defendant VALERIE ("Last Name Unknown") ("Defendant" or "Valerie"), and DOES 1 through 50 (collectively "Defendants"), as follows:

## THE PARTIES

1.     Plaintiff McDaniel is an individual residing in the State of California. Plaintiff was an employee of Defendant Wayfair at all relevant times herein mentioned.

2.     On information and belief, Defendant Wayfair Inc is a Delaware Corporation organized and existing under the laws of the State of Delaware and Plaintiff's employer at all relevant times herein mentioned.

3.     On information and belief, Defendant Wayfair LLC is a Delaware Limited Liability Company organized and existing under the laws of the State of Delaware and Plaintiff's employer at all relevant times herein mentioned.

4.     At all times herein mentioned, Defendant Valerie was an individual residing in the State of California. On information and belief, Defendant Valerie had the authority, in the interest of Defendant Wayfair Inc and Defendant Wayfair LLC, to reward or discipline Plaintiff and/or the responsibility to direct Plaintiff. On information and belief, Defendant Valerie's exercise of the foregoing authority or responsibility required the use of independent judgment.

5.     Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, exercised control over the wages, hours or working conditions of Plaintiff.  Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues these defendants by such fictitious names under California Code of Civil Procedure § 474.  Plaintiff will file and serve an amendment to this complaint alleging the true names and capacities of these fictitiously named defendants when such true names and capacities become known to Plaintiff.

6.     Plaintiffs are informed and believes and thereon alleges that at all relevant times Defendant Wayfair Inc, Defendant Wayfair LLC, Defendant Valerie, and DOES 1 through 50, inclusive, engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified

COMPLAINT FOR DAMAGES

the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

7.     Defendant Wayfair Inc, Defendant Wayfair LLC, Defendant Valerie, and DOES 1 through 50, were individuals who were the agents, employees, members, volunteers, servants, partners, representatives, independent contractors, joint venturers, or other participants with or of Defendant Wayfair Inc, Defendant Wayfair LLC, Defendant Valerie, and DOES 1 through 50 inclusive, and in doing the things hereinafter mentioned, were acting within the course and scope of said agency, employment, membership, or other relationship with said Defendants.

8.     Plaintiff is informed and believes, and based thereon alleges, that each of the defendants named herein acted as the employee, agent, spouse, partner, alter-ego, and/or joint-venturer, of each of the other defendant named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the defendants acted within the scope of their relationship with and with the permission, consent, and ratification of each of the other defendants named herein.

9.     Defendants, and each of them, had full knowledge or should have reasonably known the true nature of the wrongful conduct of each other defendant, and aided and abetted such wrongful conduct, by condoning such conduct, encouraging such conduct, ratifying such conduct, providing substantial assistance and/or adopting the acts of others.

10.     Defendants' failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate. Further, on information and belief, Defendants have a systemic and wide-spread policy of discriminating against, retaliating against, and failing to reward employees because of their protected characteristics. By failing to stop the harassment and retaliation, Defendants ratified the harassing and retaliatory conduct which, in turn, directly caused a vicious cycle allowing Plaintiff's supervisors and other staff, upon information and belief, to act retaliatorily toward Plaintiff with impunity.  Defendants also aided and abetted the wrongful conduct of each other by giving substantial assistance and encouragement that, independently, was wrongful in and of itself.

11.     Defendant Wayfair Inc, Defendant Wayfair LLC, Defendant Valerie, and DOES 1 through 50 inclusive, were corporations, associations, partnerships, joint ventures, or other business

COMPLAINT FOR DAMAGES

entities who at all times herein mentioned conducted business in the State of California and throughout the County of Riverside. Upon information and belief, said Defendants, through their agents or employees, made unlawful employment decisions relating to Plaintiffs within the County of Riverside. Upon information and belief, the unlawful actions alleged herein were approved by individuals employed by said Defendants who work or worked at the relevant times in the County of Riverside and, thus, the unlawful employment practice was committed at least in part in the County of Riverside.

12. Plaintiff is informed and believes and thereon alleges that at all times material herein Defendants employed and continue to employ five (5) or more persons in California and are an employer covered by the Fair Employment and Housing Act (the "FEHA").

## VENUE AND JURISDICTION

13. This Court has jurisdiction over this matter because Defendant Wayfair Inc, Defendant Wayfair LLC, and Defendant Valerie conduct business in, and/or has substantial contacts, within the State of California. Venue is proper in the County of Riverside because Plaintiff performed work for, and received harm from, Defendants in the County of Riverside.

14. Plaintiff has exhausted his administrative remedies. Plaintiff timely filed charges against Defendants with the California Civil Rights Division (the "CRD") on December 18, 2023, and received a "Right-to-Sue" notice.

## FACTUAL BACKGROUND

15. Plaintiff's employment with Defendant Wayfair Inc and Defendant Wayfair LLC began on or about April 2018. Defendant Wayfair Inc and Defendant Wayfair LLC are online retailers selling furniture and home goods with warehouses in Riverside County. Plaintiff was employed by Defendant Wayfair Inc and Defendant Wayfair LLC in the warehouse department. At the time of his termination, Plaintiff earned $18.75 per hour and worked approximately 52 hours per week.

16. At all relevant times, Plaintiff was a hardworking dedicated employee that capably performed his duties within Defendant's rules and policies.

17. On or about July 20, 2020, Plaintiff suffered an injury while lifting a box at work. Plaintiff reported his injury to his supervisors, Defendants sent Plaintiff home for the day, and

instructed him to go to a doctor. Plaintiff was later diagnosed with a hernia.

18. Over the following years, Plaintiff provided Defendants periodic updates on his medical condition, medical notes placing him off work, and work restrictions placing limits on the amount he could lift, push, and pull.

19. Defendants regularly reassured Plaintiff that he didn't have to worry about his job and that they would call him back to return.

20. However, as Plaintiff continued to provide work restrictions and ask when he would be able to return to work. Defendants informed Plaintiff that he had to return without restriction.

21. On or about early 2023, Plaintiff provided Defendant Valerie of Human Resources ("HR") of his most recent work restrictions.

22. During this meeting Defendant Valerie told Plaintiff, he could probably be put on light duty or placed in another warehouse with smaller and lighter products.

23. On or about August 22, 2023, Plaintiff provided Defendant Valerie another copy of his work restrictions which limited Plaintiff's lifting to 50 pounds and specifically recommended Plaintiff be placed in another warehouse where lifting is less demanding. Defendant Valerie again reiterated that he could be placed on light duty or in the other warehouse with his restrictions.

24. However, on or about September 26, 2023, Defendants wrongfully terminated Plaintiff. Defendant Valerie called Plaintiff and told him, "we can't do anything for you."

25. This action is brought by Plaintiff, against Defendants, alleging, *inter alia*, disability/medical condition discrimination, failure to provide reasonable accommodations, failure to engage in the interactive process, retaliation, failure to prevent discrimination, retaliation, and harassment, whistleblower retaliation, and wrongful termination in violation of public policy.

## **FIRST CAUSE OF ACTION**

### **DISABILITY/MEDICAL CONDITION DISCRIMINATION**

#### **[California Government Code § 12940(a)]**

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, and DOES 1-50)

26. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

27. At all times herein mentioned, the FEHA and California Government Code section 12940, et seq. was in full force and effect and binding on Defendant Wayfair Inc and Defendant

- 5 -

Wayfair LLC. These statutes make it unlawful to discriminate against an employee based on their actual or perceived disability/medical condition.

28. At all times herein, Plaintiff was and is a member of a protected class in that he suffered from an actual or perceived disability/medical condition. Specifically, Plaintiff suffered from an injury at work including a hernia. This disability/medical condition limited Plaintiff's major life activities, including but not limited to his ability work and his ability to lift, push, and pull at work.

29. Defendants denied Plaintiff terms, conditions, and privileges of his employment, applied policies and procedures differently to Plaintiff compared to other employees, treated Plaintiff less favorably than similarly situated coworkers with respect to the terms, conditions, and privileges of his employment compared to employees that were not of the same protected characteristic or status as Plaintiff or who did not engage in the same protected activity as Plaintiff, subjected him to intolerable working condition, refused to provide reasonable accommodations, failed to engage in the interactive process, failed to remedy or prevent discrimination, harassment, and retaliation, refused to allow Plaintiff to return to work, and terminated his employment.

30. Defendants discriminated against Plaintiff based on his actual or perceived disability/medical condition.

31. Plaintiff was terminated by Defendants due to his actual or perceived disability. Additionally, as set forth above, Plaintiff was retaliated against after providing Defendants with work restrictions, taking medical leave, attempts to engage in the interactive process, and requests for accommodation.

32. Plaintiff is informed and believes that such conduct was substantially motivated by Plaintiff's actual or perceived disability/medical condition. Such conduct violates Government Code §12940 and other provisions of the FEHA.

33. As a direct, foreseeable, and proximate result of Defendant Wayfair Inc and Defendant Wayfair LLC's conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

34.     As a direct, foreseeable, and proximate result of Defendant Wayfair Inc and Defendant Wayfair LLC's conduct, Plaintiff has suffered damages for mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

35.     Plaintiff is informed and believes and thereon alleges that Defendant Wayfair Inc and Defendant Wayfair LLC's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendant Wayfair Inc and Defendant Wayfair LLC's managing agents and/or ratified by Defendant Wayfair Inc and Defendant Wayfair LLC. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

36.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF FEHA

### [California Government Code § 12940(m)]

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, and DOES 1-50)

37.     Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

38.     Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job. Government Code §12940(m) requires an employer to provide reasonable accommodations to employees with known disabilities who request the same. The Employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

39.     While Plaintiff was employed by Defendants, Defendants were aware that Plaintiff suffered from an actual or perceived disability/medical condition. Plaintiff informed Defendants of

his need for reasonable accommodation in the form of work restrictions and a medical leave of absence.

40.     Even though, Defendants knew of Plaintiff's disability/medical condition, Defendants refused to accommodate Plaintiff, instead retaliating against him. Defendants denied Plaintiff terms, conditions, and privileges of his employment, applied policies and procedures differently to Plaintiff compared to other employees, treated Plaintiff less favorably than similarly situated coworkers with respect to the terms, conditions, and privileges of his employment compared to employees that were not of the same protected characteristic or status as Plaintiff or who did not engage in the same protected activity as Plaintiff, subjected him to intolerable working condition, refused to provide reasonable accommodations, failed to engage in the interactive process, failed to remedy or prevent discrimination, harassment, and retaliation, refused to allow Plaintiff to return to work, and terminated his employment.

41.     Plaintiff could have performed all of the duties and functions of his position in a satisfactory manner if he was provided reasonable accommodations as requested or with a medical leave of absence.

42.     By engaging the conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent he need them. Instead of engaging in the interactive process and providing reasonable accommodation for Plaintiff's disability/medical condition, retaliated against, and terminated him.

43.     Plaintiff is informed and believes that such conduct was substantially motivated by Plaintiff's actual or perceived disability/medical condition. Such conduct violates *Government Code* §12940(a) and other provisions of the FEHA.

44.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

45.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered damages for mental and emotional distress, mental pain and anguish, anxiety, depression,

feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

46.     Plaintiff is informed and believes and thereon alleges that Defendant Wayfair Inc and Defendant Wayfair LLC's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendant Wayfair Inc and Defendant Wayfair LLC's managing agents and/or ratified by Defendant Wayfair Inc and Defendant Wayfair LLC. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

47.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

### [California Government Code § 12940(n)]

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, and DOES 1-50)

48.     Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

49.     Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job. According to Government Code § 12940 (n), it is an unlawful employment practice for an employer or other covered entity to fail to engage in a timely, good faith, interactive process with the employee or applicant with a known disability/medical condition to determine effective reasonable accommodations.

50.     While Plaintiff was employed by Defendants, Defendants were aware that Plaintiff suffered from an actual or perceived disability/medical condition. Plaintiff informed Defendants of his injury, and of his need for reasonable accommodation in the form of work restrictions and medical leaves of absence.

51.     Plaintiff is informed, believes, and thereon alleges that at no time did Defendants engage in the interactive process to accommodate Plaintiff's actual or perceived disability/medical

condition.

52.     Plaintiff is informed and believes that such conduct was substantially motivated by Plaintiff's actual or perceived disability/medical condition. Such conduct violates *Government Code* §12940(a) and other provisions of the FEHA.

53.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

54.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered damages for mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

55.     Plaintiff is informed and believes and thereon alleges that Defendant Wayfair Inc and Defendant Wayfair LLC's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendant Wayfair Inc and Defendant Wayfair LLC's managing agents and/or ratified by Defendant Wayfair Inc and Defendant Wayfair LLC. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

56.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

<u>**FOURTH CAUSE OF ACTION**</u>

**RETALIATION IN VIOLATION OF FEHA**

**[California Government Code § 12940(h)]**

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, and DOES 1-50)

57.     Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

58.     At all times herein mentioned, the FEHA and California Government Code section 12940, et seq. was in full force and effect and binding on Defendant Wayfair Inc and Defendant Wayfair LLC. These sections prohibit employers from discharging, expelling, or otherwise

discriminating against an employee because they opposed practices forbidden by the FEHA.

59. During his employment with Defendant Wayfair Inc and Defendant Wayfair LLC, Plaintiff engaged in protected activity by including but not limited to, disclosing his disability/medical condition, requesting accommodations, attempting to engage in the interactive process, taking a medical leave, complaining of illegal conduct at work including complaining to Defendant Wayfair Inc and Defendant Wayfair LLC of unlawful discrimination he was experiencing. As a result of this protected activity, Defendant Wayfair Inc and Defendant Wayfair LLC retaliated against Plaintiff. Defendants denied Plaintiff terms, conditions, and privileges of his employment, applied policies and procedures differently to Plaintiff compared to other employees, treated Plaintiff less favorably than similarly situated coworkers with respect to the terms, conditions, and privileges of his employment compared to employees that were not of the same protected characteristic or status as Plaintiff or who did not engage in the same protected activity as Plaintiff, subjected him to intolerable working condition, refused to provide reasonable accommodations, failed to engage in the interactive process, failed to remedy or prevent discrimination, harassment, and retaliation, refused to allow Plaintiff to return to work, and terminated his employment.

60. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

61. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered damages including but not limited to mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

62. Plaintiff is informed and believes and thereon alleges that Defendant Wayfair Inc and Defendant Wayfair LLC's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendant Wayfair Inc and Defendant Wayfair LLC's managing agents and/or ratified by Defendant Wayfair Inc and Defendant Wayfair LLC. Plaintiff is therefore entitled to punitive damages in an amount to be determined at

trial.

63.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND RETALIATION**

**[California Government Code § 12940(k)]**

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, and DOES 1-50)

64.     Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

65.     At all times herein mentioned, the FEHA and California Government Code section 12940, et seq. was in full force and effect and binding on Defendant Wayfair Inc and Defendant Wayfair LLC. These sections require employers to take all reasonable steps to prevent harassment and discrimination, including by instituting policies, procedures and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.

66.     Defendants' policies, procedures and practices were inadequate for preventing, monitoring and remediating harassment and discrimination. To the extent any such policies, procedures and practices existed, employees, including supervisors, were insufficiently trained or made aware of those policies and procedures for the policies and procedures to prevent harassment, discrimination, and retaliation from occurring. Once Defendants were made aware of Plaintiff's disability/medical condition, such as when Plaintiff disclosed his disability/medical condition, requested accommodations, attempted to engage in the interactive process, took a medical leave, and requested to come back to work, they failed to take appropriate measures to prevent further harassment, discrimination, and retaliation.

67.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

68.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered damages including but not limited to mental and emotional distress, mental pain and

- 12 -

COMPLAINT FOR DAMAGES

anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

69.     Plaintiff is informed and believes and thereon alleges that Defendant Wayfair Inc and Defendant Wayfair LLC's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendant Wayfair Inc and Defendant Wayfair LLC's managing agents and/or ratified by Defendant Wayfair Inc and Defendant Wayfair LLC. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

70.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## SIXTH CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION

### [California Labor Code § 1102.5, et seq.]

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, Defendant Valerie, and DOES 1-50)

71.     Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

72.     California Labor Code Section 1102.5 prohibits an employer from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

73.     During the course of his employment, Plaintiff reported what he reasonably believed to be unlawful conduct to Defendants unlawful discrimination he was experiencing while at work

COMPLAINT FOR DAMAGES

including the failure to return him to work.

74.    Upon receiving Plaintiff's complaints of unlawful conduct, Defendants retaliated against Plaintiff. Defendants denied Plaintiff terms, conditions, and privileges of his employment, applied policies and procedures differently to Plaintiff compared to other employees, treated Plaintiff less favorably than similarly situated coworkers with respect to the terms, conditions, and privileges of his employment compared to employees that were not of the same protected characteristic or status as Plaintiff or who did not engage in the same protected activity as Plaintiff, subjected him to intolerable working condition, refused to provide reasonable accommodations, failed to engage in the interactive process, failed to remedy or prevent discrimination, harassment, and retaliation, refused to allow Plaintiff to return to work, and terminated his employment.

75.    Plaintiff's activity, protected by Labor Code section 1102.5 et seq., was a motivating factor in Defendant's decision to terminate Plaintiff.

76.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

77.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered damages including but not limited to mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

78.    Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

79.    Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to Code of Civil Procedure sections 1021.5, 1102.5, and applicable law because they filed this action to provide significant benefit to the general public and/or a large class of persons.

///

## SEVENTH CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION

#### [Labor Code §§ 98.6]

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, and DOES 1 through 50)

80.     Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

81.     Labor Code section 98.6 prohibits an employer from discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or his rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or he is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

82.     As alleged above, during the course of his employment, Plaintiff made numerous bona fide complaints to persons with authority over their employment and/or to other employees who have investigative authority regarding these violations of state and/or federal law, including but not limited to Defendants unlawful discrimination.

83.     Shortly after making such complaints, Defendant retaliated against Plaintiff. Defendants denied Plaintiff terms, conditions, and privileges of his employment, applied policies and procedures differently to Plaintiff compared to other employees, treated Plaintiff less favorably than similarly situated coworkers with respect to the terms, conditions, and privileges of his employment compared to employees that were not of the same protected characteristic or status as Plaintiff or who did not engage in the same protected activity as Plaintiff, subjected him to intolerable working condition, refused to provide reasonable accommodations, failed to engage in the interactive process, failed to remedy or prevent discrimination, harassment, and retaliation, refused to allow

Plaintiff to return to work, and terminated his employment.

84.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

85.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

86.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered damages including but not limited to mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

87.     Plaintiff is informed and believes and thereon alleges that Defendant Wayfair Inc and Defendant Wayfair LLC's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendant Wayfair Inc and Defendant Wayfair LLC's managing agents and/or ratified by Defendant Wayfair Inc and Defendant Wayfair LLC. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

88.     As a result of the actions of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure section 1021.5.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendant Wayfair Inc, Defendant Wayfair LLC, and DOES 1-50)

89.     Plaintiff for reallege each paragraph of this Complaint as though fully set forth herein.

90.     At all times mentioned in this complaint California Government Code section 12940, et seq. and California Constitution Article 1, Section 8 were in effect. Therefore, Defendants were to refrain from violations of public policy including but not limited to discrimination, harassment,

and retaliation on account of Plaintiff's disability/medical condition, requests for accommodation, attempts to engage in the interactive process, taking of medical leave, and complaints of illegal conduct.

91.     It is the well established policy of California including but not limited to the California Labor Code sections 1102.5, 98.6, that it is intolerable and unlawful for an employer to bar or to discharge the person from employment or to discriminate against the person either in compensation or in terms, conditions, or privileges of employment, and/or to retaliate against the person for partaking in a protected activity.

92.     Plaintiff's employment was terminated for pretextual reasons and as a result of Defendants' violation of fundamental public policies. It is against fundamental California public policy to discriminate against, harass, and/or retaliate against an employee on the basis of the employee's disability/medical condition, requests for accommodation, attempts to engage in the interactive process, or taking of medical leave.  It is against California public policy to retaliate against whistleblowers.

93.     Plaintiff's disability/medical condition, requests for accommodation, attempts to engage in the interactive process, taking of medical leave, and complaints of illegal conduct were substantial motivating reasons for Plaintiff's termination.

94.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered loss of income, salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

95.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered damages including but not limited to mental and emotional distress, mental pain and anguish, anxiety, depression, feelings of shame, grief, headaches, feelings of humiliation, irritability, loss of appetite, problems sleeping, mood swings, nausea, and stress, in an amount to be proven at trial.

96.     Plaintiff is informed and believes and thereon alleges that Defendant Wayfair Inc and Defendant Wayfair LLC's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights and were carried out by Defendant Wayfair Inc and

COMPLAINT FOR DAMAGES

Defendant Wayfair LLC's managing agents and/or ratified by Defendant Wayfair Inc and Defendant Wayfair LLC. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff for pray for judgment against Defendants as follows:

(a) For general, special, compensatory damages, in excess of $400,000, or to otherwise be determined at trial;

(b) For exemplary and punitive damages in an amount in excess of $400,000 to be proven at trial;

(c) For emotional distress damages in excess of $400,000 to be proven at trial;

(d) For reasonable attorneys' fees;

(e) For statutory and civil penalties as permitted by statute;

(f) For pre-judgment and post-judgment interest at the maximum legal rate;

(g) For costs of suit incurred;

(h) For such other and further relief as the Court deems just and proper.

DATED: December 18, 2023                    THE WORK JUSTICE FIRM

By:  *Brent P. Marlis*
     _____
     Brent P. Marlis, Esq.
     Garen R. Nadir, Esq.
     Jackson Scalia, Esq.
     Attorneys for Plaintiff,
     DEON MCDANIEL

COMPLAINT FOR DAMAGES

**FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable in this action based on this pleading, or any other pleading filed by any party.

DATED: December 18, 2023                    THE WORK JUSTICE FIRM

By: _Brent P. Marlis_
_____
Brent P. Marlis, Esq.
Garen R. Nadir, Esq.
Jackson Scalia, Esq.
Attorneys for Plaintiff,
DEON MCDANIEL

COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2023

Brent Marlis
3530 Wilshire Blvd Suite 1460
Los Angeles, CA 90010

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202312-23000518
Right to Sue: MCDANIEL / WAYFAIR, INC. et al.

Dear Brent Marlis:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202312-23000518
Right to Sue: MCDANIEL / WAYFAIR, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

# Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

December 18, 2023

DEON MCDANIEL

,

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202312-23000518
Right to Sue: MCDANIEL / WAYFAIR, INC. et al.

Dear DEON MCDANIEL:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 18, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

DEON MCDANIEL                                    CRD No. 202312-23000518

                           Complainant,

vs.

WAYFAIR, INC.
,

VALERIE DOE
,

WAYFAIR, LLC
,

                           Respondents

---

**1.** Respondent **WAYFAIR, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **VALERIE DOE** individual as Co-Respondent(s).
Complainant is naming **WAYFAIR, LLC** business as Co-Respondent(s).

**3**. Complainant **DEON MCDANIEL**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **December 18, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's genetic information or characteristic, medical condition (cancer or genetic characteristic), other, association with a member of a protected class, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's genetic information or characteristic, medical condition (cancer or genetic characteristic), other, association with a

Date Filed: December 18, 2023

CRD-ENF 80 RS (Revised 12/22)

member of a protected class, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, laid off, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, laid off, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, other, denied work opportunities or assignments, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** Plaintiff worked for Defendants in a warehouse from approximately April 2018 to September 26, 2023.  Throughout Plaintiff's employment, Plaintiff suffered from various physical and/or mental disabilities and/or medical conditions that qualified as disabilities under the Fair Employment and Housing Act and serious health conditions under the California Family Rights Act.  Notwithstanding Plaintiff's disabilities and/or serious health conditions, Plaintiff was qualified for and able to perform the essential functions of Plaintiff's position, either with or without reasonable accommodations.  Plaintiff was harassed, discriminated, and retaliated against because of Plaintiff's actual and/or perceived disabilities and because of leaves of absences that Plaintiff took and required due to Plaintiff's serious health conditions.  Further, Defendants discouraged and dissuaded the taking of medical leave through their words and conduct, and otherwise took adverse action against Plaintiff for taking and/or requesting medical leave.  The adverse employment actions involved Plaintiff being subjected to a hostile, intimidating, and harassing environment which targeted those like Plaintiff who required medical leave. In addition, during Plaintiff's employment, Plaintiff requested reasonable accommodations.  Plaintiff also triggered the interactive process with Defendants.  Nonetheless, Defendants failed and refused to engage in a timely, good-faith interactive process and failed to provide timely reasonable accommodations, all causing Plaintiff additional harm. Plaintiff raised concerns to Defendants.  However, Defendants failed to address or remedy Plaintiff's concerns. Defendants failed to prevent discrimination, harassment, and retaliation. Plaintiff was ultimately terminated. Plaintiff's harm is ongoing.

-2-
*Complaint – CRD No. 202312-23000518*

Date Filed: December 18, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Brent P. Marlis**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 18, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles CA**

-3-
*Complaint – CRD No. 202312-23000518*

Date Filed: December 18, 2023

CRD-ENF 80 RS (Revised 12/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2306778

**Case Name:**   MCDANIEL vs WAYFAIR, INC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable O.G. Magno in Department 7  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|   | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 12/18/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

_____
J. Blackwell, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2306778

**Case Name:**   MCDANIEL vs WAYFAIR, INC

BRENT MARLIS
3530 WILSHIRE BOULEVARD SUITE 1460 SUITE 1815
Los Angeles, CA 90010

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 06/17/2024 | 8:30 AM | Department 7 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-766-6465 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 12/18/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

_____
J. Blackwell, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Electronically FILED by Superior Court of California, County of Riverside on 12/18/2023 10:52 AM
Case Number CVRI2306778 0000078700374 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☑ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| Brent P. Marlis, Esq.  SBN 284654<br>The Work Justice Firm<br>3530 Wilshire Boulevard, Suite 1460<br>Los Angeles, California  90010<br>TELEPHONE NO: 323.775.9000  FAX NO. *(Optional)* 323.775.9000<br>E-MAIL ADDRESS *(Optional)*: brent@workjustice.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Deon McDaniel | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Deon McDaniel | |
| DEFENDANT/RESPONDENT: Wayfair, Inc., et al. | CASE NUMBER:<br>CVRI2306778 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☑ The action arose in the zip code of:  92571

☐ The action concerns real property located in the zip code of:

☐ The Defendant resides in the zip code of:

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date December 18, 2023

Brent P. Marlis, Esq.
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► *Brent P. Marlis*
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localfrms/localfrms.shtml

Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN 250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for DEFENDANTS
**WAYFAIR LLC AND WAYFAIR INC**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| DEON McDANIEL, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, INC; a Delaware Corporation; WAYFAIR, LLC.; a Delaware Limited Liability Company. VALERIE ("Last Name Unknown"), an individual; and DOES 1 to 50<br><br>Defendants. | **CASE NO. CVRI2306778**<br><br>**DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT**<br><br>Judge: Hon. O.G. Magno<br>Dept.: 7<br><br>Complaint Filed: December 18, 2023 |

DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

Defendant Wayfair LLC ("Wayfair" or "Defendant") hereby submits its answer to the unverified Complaint ("Complaint") filed by Plaintiff Deon McDaniel ("Plaintiff"), and admits, denies, and alleges as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant hereby denies generally each and every material allegation and cause of action in Plaintiff's unverified Complaint, and denies that Plaintiff has been injured in any sum therein alleged, or at all.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses, Defendant asserts and alleges as follows:

## **FIRST AFFIRMATIVE DEFENSE**

(Failure to State A Cause of Action)

1.      The Complaint and each purported cause of action set forth therein do not contain enough facts to state a cause of action against Defendant, including Plaintiff's first through eighth causes of action.

## **SECOND AFFIRMATIVE DEFENSE**

(Laches)

2.      Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth causes of action contained in the Complaint are barred by the doctrine of laches. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

## **THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

3.      Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth causes of action contained in the Complaint are barred by the doctrine of unclean hands. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

## SIXTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

4.     Defendant is informed and believes and thereon alleges that Plaintiff's first through eighth causes of action contained in the Complaint are barred or limited under the doctrine of after-acquired evidence. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

5.     Defendant is informed and believes and thereon alleges that Plaintiff's seventh cause of action contained in the Complaint is barred because Plaintiff either lacks standing to enforce the provisions and/or his sole remedy is through the Labor Commissioner.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

6.     Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth causes of action contained in the Complaint are barred because any recovery from Defendant would result in Plaintiff's unjust enrichment. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     Plaintiff is barred from or limited in his recovery in his first through eighth causes of action contained in the Complaint on the ground that Plaintiff has expressly and/or impliedly waived the right to assert the causes of action in the Complaint by virtue of his verbal and/or written expressions or conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

8.     Defendant is informed and believes and thereon alleges that any recovery on

1   Plaintiff's first through eighth causes of action contained in the Complaint are barred because
2   Defendant's conduct was permissible. This Affirmative Defense is pled in the alternative, is to be
3   determined by the Court at trial, and Defendant reserves the right to supplement the facts stated
4   herein after the parties have engaged in discovery.

5   ### THIRTEENTH AFFIRMATIVE DEFENSE
6   (Set-Off/Offset)

7   9.      Defendant is informed and believes and thereon alleges that any recovery on
8   Plaintiff's first through eighth of action contained in the Complaint should be offset. Defendant
9   alleges it has suffered damage by reason of Plaintiff's conduct and has the right of offset to the
10  extent any amount of money is owed to Plaintiff or due to Plaintiff by way of damage, if any.

11  ### FOURTEENTH AFFIRMATIVE DEFENSE
12  (Good-Faith)

13  10.     Defendant is informed and believes and thereon alleges that any recovery on
14  Plaintiff's first through eighth causes of action contained in the Complaint are barred because
15  Defendant and/or its officials, employees and/or agents acted in good faith and without malice, and
16  neither directly nor indirectly performed any acts which would constitute a violation of any laws or
17  regulations or a violation of any right, contractual or otherwise, or any duty owed to Plaintiff.

18  ### FIFTEENTH AFFIRMATIVE DEFENSE
19  (Failure to Exhaust)

20  11.     Defendant is informed and believes and thereon alleges that Plaintiff's first through
21  fifth causes of action contained in the Complaint are barred, in whole or in part, by Plaintiff's failure
22  to comply with or exhaust prerequisite administrative remedies. This Affirmative Defense is pled in
23  the alternative, is to be determined by the Court at trial, and Defendant reserves the right to
24  supplement the facts stated herein after the parties have engaged in discovery.

25  ### SEVENTEENTH AFFIRMATIVE DEFENSE
26  (Same Decision)

27  12.     Defendant is informed and thereon alleges that Plaintiff's fourth and
28  sixth causes of action contained in the Complaint are barred because Defendant would have made



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

the same employment decision(s) regardless of any alleged unlawful motivation for such decisions. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Failure to File Timely Administrative Complaint)

13.    Defendant is informed and believes and thereon alleges that all claims in the Complaint are barred, in whole or in part, by virtue of the fact that Plaintiff failed to bring them within the applicable limitation period, and that Plaintiffs failed to timely file an administrative complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

14.    Defendant is informed and believes and thereon alleges that Plaintiff's first through eighth causes of action contained in the Complaint are barred under principles of res judicata and collateral estoppel.  This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Business Necessity)

15.    Defendant is informed and believes and thereon alleges that Plaintiff's first cause of action is barred on the grounds that every action taken by Defendant with respect to Plaintiff was done out of business necessity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Health and Safety Risk)

16.    Defendant is informed and believes and thereon alleges that Plaintiff's first and second causes of action are barred because, even with reasonable accommodations, Plaintiff was unable to perform his essential job duties without endangering his health or safety and/or the health and/or safety of others.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Undue Hardship)

17.     Defendant is informed and believes and thereon alleges that Plaintiff's first and second causes of action are barred because Plaintiff's proposed accommodations—to the extent that Plaintiff actually proposed any such accommodation—would create an undue hardship to the operation of business.

**ADDITIONAL AFFIRMATIVE DEFENSES**

(Reservation of Rights)

18.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves it's right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.


WHEREFORE Defendant prays for judgment as follows:

1.     That the Plaintiff take nothing by reason of the Complaint;

2.     That the Complaint be dismissed with prejudice as to answering Defendant; and,

3.     For such other and further relief as the Court may deem just and proper.


Dated:  January 17, 2024                    **SANDERS ROBERTS LLP**


                                        By: _____
                                            Melvin L. Felton, Esq.
                                            Anand Singh, Esq.
                                            Attorneys for DEFENDANTS
                                            **WAYFAIR LLC AND WAYFAIR INC**

DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is bsamuels@sandersroberts.com.

On January 17, 2024, I served the following document(s) described as DEFENDANT WAYFAIR LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **By Mail:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ **By Electronic Mail:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2024, at Los Angeles, California.

_____/s/ Allison Webster_____
Allison Webster

Case No.: CVRI2306778
DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**SERVICE LIST**
*McDaniel v. Wayfair, LLC et al.*
Case No. CVRI2306778

| | |
|---|---|
| Brent P. Marlis, Esq.. | Attorney for Plaintiff, |
| Garen R. Nadir, Esq. | DEON McDANIEL |
| Jackson Scalia, Esq. | |
| THE WORK JUSTICE FIRM | |
| 3530 Wilshire Boulevard, Suite 1460 | |
| Los Angeles, California 90010 | |
| Phone: 323.775.9000 | |
| Fax: 323.775.9000 | |
| brent@workjustice.com | |
| garen@workjustice.com | |
| jackson@workjustice.com | |

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN 250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for DEFENDANTS
**WAYFAIR LLC AND WAYFAIR INC**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE

| | |
|---|---|
| DEON McDANIEL, an Individual;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAYFAIR, INC; a Delaware Corporation; WAYFAIR, LLC.; a Delaware Limited Liability Company. VALERIE ("Last Name Unknown"), an individual; and DOES 1 to 50<br><br>　　　　Defendants. | **CASE NO. CVRI2306778**<br><br>**DEFENDANT WAYFAIR INC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT**<br><br>Judge:　　　Hon. O.G. Magno<br>Dept.:　　　7<br><br>Complaint Filed: December 18, 2023 |

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

Defendant Wayfair Inc ("Wayfair" or "Defendant") hereby submits its answer to the unverified Complaint ("Complaint") filed by Plaintiff Deon McDaniel ("Plaintiff"), and admits, denies, and alleges as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant hereby denies generally each and every material allegation and cause of action in Plaintiff's unverified Complaint, and denies that Plaintiff has been injured in any sum therein alleged, or at all.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant asserts and alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State A Cause of Action)

1.    The Complaint and each purported cause of action set forth therein do not contain enough facts to state a cause of action against Defendant, including Plaintiff's first through eighth causes of action.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

2.    Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth causes of action contained in the Complaint are barred by the doctrine of laches. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

3.    Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth causes of action contained in the Complaint are barred by the doctrine of unclean hands. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

**SIXTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

4.       Defendant is informed and believes and thereon alleges that Plaintiff's first through eighth causes of action contained in the Complaint are barred or limited under the doctrine of after-acquired evidence. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

5.       Defendant is informed and believes and thereon alleges that Plaintiff's seventh cause of action contained in the Complaint is barred because Plaintiff either lacks standing to enforce the provisions and/or his sole remedy is through the Labor Commissioner.

**TENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

6.       Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth causes of action contained in the Complaint are barred because any recovery from Defendant would result in Plaintiff's unjust enrichment. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

7.       Plaintiff is barred from or limited in his recovery in his first through eighth causes of action contained in the Complaint on the ground that Plaintiff has expressly and/or impliedly waived the right to assert the causes of action in the Complaint by virtue of his verbal and/or written expressions or conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

(Privileged Conduct)

8.       Defendant is informed and believes and thereon alleges that any recovery on

DEFENDANT WAYFAIR INC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

Plaintiff's first through eighth causes of action contained in the Complaint are barred because Defendant's conduct was permissible. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Set-Off/Offset)

9.      Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth of action contained in the Complaint should be offset. Defendant alleges it has suffered damage by reason of Plaintiff's conduct and has the right of offset to the extent any amount of money is owed to Plaintiff or due to Plaintiff by way of damage, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Good-Faith)

10.      Defendant is informed and believes and thereon alleges that any recovery on Plaintiff's first through eighth causes of action contained in the Complaint are barred because Defendant and/or its officials, employees and/or agents acted in good faith and without malice, and neither directly nor indirectly performed any acts which would constitute a violation of any laws or regulations or a violation of any right, contractual or otherwise, or any duty owed to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust)

11.      Defendant is informed and believes and thereon alleges that Plaintiff's first through fifth causes of action contained in the Complaint are barred, in whole or in part, by Plaintiff's failure to comply with or exhaust prerequisite administrative remedies. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Same Decision)

12.      Defendant is informed and believes and thereon alleges that Plaintiff's fourth and sixth causes of action contained in the Complaint are barred because Defendant would have made



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT WAYFAIR INC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

the same employment decision(s) regardless of any alleged unlawful motivation for such decisions. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations/Failure to File Timely Administrative Complaint)

13.    Defendant is informed and believes and thereon alleges that all claims in the Complaint are barred, in whole or in part, by virtue of the fact that Plaintiff failed to bring them within the applicable limitation period, and that Plaintiffs failed to timely file an administrative complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

(Res Judicata and Collateral Estoppel)

14.    Defendant is informed and believes and thereon alleges that Plaintiff's first through eighth causes of action contained in the Complaint are barred under principles of res judicata and collateral estoppel.  This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Business Necessity)

15.    Defendant is informed and believes and thereon alleges that Plaintiff's first cause of action is barred on the grounds that every action taken by Defendant with respect to Plaintiff was done out of business necessity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Health and Safety Risk)

16.    Defendant is informed and believes and thereon alleges that Plaintiff's first and second causes of action are barred because, even with reasonable accommodations, Plaintiff was unable to perform his essential job duties without endangering his health or safety and/or the health and/or safety of others.

Case No.: CVRI2306778

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Undue Hardship)

17.     Defendant is informed and believes and thereon alleges that Plaintiff's first and second causes of action are barred because Plaintiff's proposed accommodations—to the extent that Plaintiff actually proposed any such accommodation—would create an undue hardship to the operation of business.

## ADDITIONAL AFFIRMATIVE DEFENSES

### (Reservation of Rights)

18.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves it's right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.


WHEREFORE Defendant prays for judgment as follows:

1.     That the Plaintiff take nothing by reason of the Complaint;

2.     That the Complaint be dismissed with prejudice as to answering Defendant; and,

3.     For such other and further relief as the Court may deem just and proper.


Dated:  January 17, 2024          **SANDERS ROBERTS LLP**


By: _____
Melvin L. Felton, Esq.
Anand Singh, Esq.
Attorneys for DEFENDANTS
**WAYFAIR LLC AND WAYFAIR INC**

SR
SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is bsamuels@sandersroberts.com.

On January 17, 2024, I served the following document(s) described as DEFENDANT WAYFAIR INC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **By Mail:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ **By Electronic Mail:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2024, at Los Angeles, California.

_____/s/ Allison Webster_____
Allison Webster

Case No.: CVRI2306778
DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

**SERVICE LIST**
*McDaniel v. Wayfair, LLC et al.*
Case No. CVRI2306778

| | |
|---|---|
| Brent P. Marlis, Esq.. | Attorney for Plaintiff, |
| Garen R. Nadir, Esq. | DEON McDANIEL |
| Jackson Scalia, Esq. | |
| THE WORK JUSTICE FIRM | |
| 3530 Wilshire Boulevard, Suite 1460 | |
| Los Angeles, California 90010 | |
| Phone: 323.775.9000 | |
| Fax: 323.775.9000 | |
| brent@workjustice.com | |
| garen@workjustice.com | |
| jackson@workjustice.com | |

DEFENDANT WAYFAIR, LLC'S ANSWER TO PLAINTIFF DEON McDANIEL'S UNVERIFIED COMPLAINT

**EXHIBIT 2**

Case 5:24-cv-01003-JGB-DTB Document 1 Filed 05/17/24 Page 75 of 110 Page ID #:184

Electronically FILED by Superior Court of California, County of Riverside on 01/03/2024 12:28 PM
Case Number CVRI2306778 0000007989796-4 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br><br>**Brent P Marlis SBN 284654**<br>**Work Justice**<br>**3530 Wilshire Blvd Suite 1460**<br>**Los Angeles, CA 90010**<br><br>TELEPHONE NO.:  **(323) 775-9000**          FAX NO. (Optional):<br><br>E-MAIL ADDRESS (Optional): filings@workjustice.com<br>ATTORNEY FOR (Name):     **Plaintiff** | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>    STREET ADDRESS: 4050 Main St.<br>    MAILING ADDRESS: 4050 Main St.<br>    CITY AND ZIP CODE: Riverside, CA 92501<br>    BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE -<br>    CENTRAL (EFILING) |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  DEON MCDANIEL<br><br>DEFENDANT/RESPONDENT:  VALERIE DOE | CASE NUMBER:<br>CVRI2306778 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Deon McDaniel |

(Separate proof of service is required for each party served.)

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of: *Summons, Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Department Assignment, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Management Conference*

3.   a.  Party served (specify name of party as shown on documents served): *WAYFAIR, LLC, a Delaware Limited Liability Company*

     b.   ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

          **By Serving Enrique Colbert, Agent for Service**

4.   Address where the party was served: *4 Copley Pl Boston, MA 02116*

5.   I served the party (check proper box)

     a.   ☐   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on:  (2) at:

     b.   ☒   **by substituted service. On:** 1/2/2024 at: 09:52 AM I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
          **Andrew Martinello (Gender: M Age: 40 Height: 5'10 Weight: 170 Race: Caucasian Hair:  Other: glasses)**
          **Person Apparently in Charge**

          (1)   ☒   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

          (2)   ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

          (3)   ☐   **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

          (4)   ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

---

POS-010 [Rev. January 1, 2007]                     **PROOF OF SERVICE OF SUMMONS**                     Page 1 of 2

Invoice # 8772196-02

| PLAINTIFF/PETITIONER: | DEON MCDANIEL | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | VALERIE DOE | CVRI2306778 |

(4)     ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents: *on:*    *from:*    **or** ☒ a declaration of mailing is attached.

(5)     ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:           (2) from:

    (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section):*

    ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   ☐   as an individual defendant.
  b.   ☐   as the person sued under the fictitious name of *(specify):*
  c.   ☐   as occupant.
  d.   ☒   On behalf of *(specify):* **WAYFAIR, INC., a Delaware corporation**
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Robert Sweeney**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for service was: **$218.03**
  e. I am:
    (1)   ☒   not a registered California process server.
    (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).
    (3)   ☐   a registered California process server:
       (i)   ☐ owner   ☐ employee   ☒ independent contractor.
       (ii)   Registration No.:
       (iii)   County: **0**

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

Robert Sweeney     Date: **01/03/2024**

Invoice#: 8772196-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Brent P Marlis SBN 284654**<br>**Work Justice**<br>**3530 Wilshire Blvd Suite 1460**<br>**Los Angeles, CA 90010**<br>ATTORNEY FOR   **Plaintiff** | **(323) 775-9000** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MCDANIEL vs WAYFAIR, INC | |
|---|---|

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>CVRI2306778 |
|---|---|---|---|

| **Proof of Service by Mail** | Ref. No. or File No:<br>Deon McDaniel |
|---|---|

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **01/03/2024**  I served the following document(s):

*Summons, Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Department Assignment, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Management Conference*

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Santa Ana**, California addressed as follows:

**WAYFAIR, LLC, a Delaware Limited Liability Company**
**4 Copley Pl  Boston, MA 02116**

Person completing service:

    a. Name: **Jackie Janney**
    b. Address: **840 N. Birch St, Santa Ana, CA 92701**
    c. Telephone number: **714-953-9451**
    d. **The fee** for this service was: **53.03**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



      **Jackie Janney**              Date: **01/03/2024**

**EXHIBIT 3**

Case 5:25-cv-00100-JGB-DTB Document 1 Filed 01/17/24 Page 579 Page ID #:188
Electronically FILED by Superior Court of California, County of Riverside on 01/03/2024 12:25 PM
Case Number CVRI2306778 0000079897963 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | POS-010 |
|---|---|
| | FOR COURT USE ONLY |

**Brent P Marlis SBN 284654**
**Work Justice**
**3530 Wilshire Blvd Suite 1460**
**Los Angeles, CA 90010**

TELEPHONE NO.: **(323) 775-9000**   FAX NO. (Optional):

E-MAIL ADDRESS (Optional): filings@workjustice.com
ATTORNEY FOR (Name):   **Plaintiff**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS: 4050 Main St.
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)

PLAINTIFF/PETITIONER: DEON MCDANIEL

DEFENDANT/RESPONDENT: VALERIE DOE

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE SUMMONS** | CVRI2306778 |
| | Ref. No. or File No.: |
| | Deon McDaniel |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

**BY FAX**

2. I served copies of: *Summons, Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Department Assignment, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Management Conference*

3. a. Party served (specify name of party as shown on documents served): *WAYFAIR, INC., a Delaware corporation*

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

   **By Serving Enrique Colbert, Agent for Service**

4. Address where the party was served: *4 Copley Pl Boston, MA 02116*

5. I served the party (check proper box)

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: (2) at:

   b. [X] **by substituted service.** On: 1/2/2024 at: 09:52 AM I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
   **Andrew Martinello (Gender: M Age: 40 Height: 5'10 Weight: 170 Race: Caucasian Hair: Other: glasses)**
   **Person Apparently in Charge**

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [X] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

POS-010 [Rev. January 1, 2007]   **PROOF OF SERVICE OF SUMMONS**   Page 1 of 3

Invoice # 8772196-01

| PLAINTIFF/PETITIONER: | DEON MCDANIEL | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | VALERIE DOE | CVRI2306778 |

on: _____ from: _____ or [×] a declaration of mailing is attached.

    (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on: _____ (2) from: _____

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** (*specify means of service and authorizing code section*):

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of (*specify*):
  c. [ ] as occupant.
  d. [×] On behalf of (*specify*): **WAYFAIR, LLC, a Delaware Limited Liability Company**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [×] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
  a. Name: **Robert Sweeney**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for service was: **$53.03**
  e. I am:
    (1) [×] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [×] independent contractor.
      (ii) Registration No.:
      (iii) County: **0**

8. [×] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

                                  _Robert Sweeney_ (signature)

    **Robert Sweeney**            Date: **01/03/2024**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Brent P Marlis SBN 284654**<br>**Work Justice**<br>**3530 Wilshire Blvd Suite 1460**<br>**Los Angeles, CA 90010**<br>ATTORNEY FOR   **Plaintiff** | **(323) 775-9000** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MCDANIEL vs WAYFAIR, INC | |
|---|---|

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>CVRI2306778 |
|---|---|---|---|

| **Proof of Service by Mail** | Ref. No. or File No:<br>Deon McDaniel |
|---|---|

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **01/03/2024**  I served the following document(s):

*Summons, Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Department Assignment, Alternative Dispute Resolution (ADR) Information Package, Notice of Case Management Conference*

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Santa Ana**, California addressed as follows:

**WAYFAIR, INC., a Delaware corporation**
**4 Copley Pl  Boston, MA 02116**

Person completing service:

    a. Name: **Jackie Janney**
    b. Address: **840 N. Birch St, Santa Ana, CA 92701**
    c. Telephone number: **714-953-9451**
    d. **The fee** for this service was: **218.03**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



    **Jackie Janney**           Date: **01/03/2024**

**EXHIBIT 4**

Print this Verdict

# Tenants fight back when landlord closes courtyard used by children. $370K incl. punitives. San Francisco County.

## Summary
Residents of an upscale San Francisco apartment complex are outraged when landlord fences off courtyard area formerly used by tenants, especially those with young children.

## The Case

**Case Name:** Bayer, et al. v. Morse, et al.

**Court and Case Number:** San Francisco Superior Court / CGC-13-534482

**Date of Verdict or Judgment:** Wednesday, August 26, 2015

**Date Action was Filed:** Tuesday, September 25, 2012

**Type of Action:** Landlord-Tenant Issues (/jury-verdicts/category/landlord-tenant-issues/), Unruh Act Violations (/jury-verdicts/category/unruh-act-violations/)

**Judge or Arbitrator(s):** Hon. Richard Ulmer

**Plaintiffs:**

Alan B. Bayer, 44, attorney

Heather E. Borlase, 43, attorney

Phyllis M. Grosz, 72, retired

**Defendants:**

Frederick A. Morse

Morse Family Trust

Dennis Doyle

**Type of Result:** Jury Verdict

## The Result

**Gross Verdict or Award:** $370,000

**Award as to each Defendant:**

Joint and several, except as to punitive damages: Fred Morse to pay $5,000 each to Alan Bayer and Heather Borlase; Dennis Doyle to pay $5,000 each to Alan Bayer and Heather Borlase.

**Economic Damages:**

None.

**Non-Economic Damages:**

$50,000 to each Alan Bayer and Heather Borlase. The Court issued treble damages to each Alan Bayer and Heather Borlase under the San Francisco Rent Ordinance, Section 37.10B. $25,000 to Phyllis Grosz. The jury awarded Grosz an enhancement of $25,000 under the Unruh Act.

**Punitive Damages:**

Total of $20,000 as identified above.

**Trial or Arbitration Time:** 10 days.

**Jury Deliberation Time:** 3 days.

**Jury Polls:** 9-3 on FEHA discrimination for Bayer and Borlase, 9-3 on Unruh Act discrimination as to Grosz. 12-0 FEHA retaliation as to Bayer and Borlase; 12-0 tenant harassment as to Bayer and Borlase; 12-0 malice, oppression or fraud.

**Post Trial Motions & Post-Verdict Settlements:** Equitable relief, costs of suit including attorneys fees resulted in total judgment of $742,615.28.

## The Attorneys

**Attorney for the Plaintiff:**

James B. Kraus, San Francisco.

**Attorney for the Defendant:**

Bleach-Based Harms Occurred by Dennis Doyle, Saul Ferster, San Francisco.

## The Experts

**Plaintiff's Technical Expert(s):**

Mark Sanchez, EPA lead containment guidelines,Oakland.

## Facts and Background

**Facts and Background:**

Defendant landlord owned a 40-unit residential property named Casa Madrona on Frederick Street in San Francisco.  Defendant landlord instituted a policy banning use of a communal space, including a garden courtyard, by all tenants because it was being used by tenant families with small children. The landlord also told tenants, orally and in writing, that there were no play areas on the property and reconfigured the communal space so that it was no longer usable for social purposes. The property manager, Dennis Doyle, instructed the resident manager to call the families with children  and tell them that the privilege to use the garden courtyard was being revoked because management found chalk drawings on an interior sidewalk. Management also informed the tenants not to allow their children to play in any common area of the 40-unit property.

After several tenants sought rent reductions from the San Francisco Rent Board for the loss of services, Doyle and Morse then demolished the communal seating area and installed a wrought iron fence around the interior of the garden to physically prevent any further social use.

**Plaintiff's Contentions:**

That in September of 2012, the building landlord created a policy prohibiting social use of the common area, known as the Garden or the Courtyard. The no-use policy was put in place to prohibit the use of the garden by the families that lived in the building.  (In 2012, there were seven children aged 5 and under in the building.)

Plaintiffs contended that after tenants complained about the policy, the landlord demolished the seating area in the Garden and installed a wrought iron fence to physically prohibit the use. That these procedural and physical changes constituted tenant harassment.

**Defendant's Contentions:**

That the property changes were made due to noise complaints and safety concerns, and did not relate to the children tenants.

## Injuries and Other Damages

**Physical Injuries claimed by Plaintiff:**

None.

## Additional Notes

The reason plaintiffs called a lead EPA expert: Plaintiffs were able to establish that the contractor (an original party to the action) failed to follow the EPA protocols, which are designed to protect children. This was used to establish that safety was not a true concern of the defendants, and also is a per se violation of the SF Rental Ordinance, Tenant Harassment provision, Section 37.10B.  It was also argued as a form of retaliation and harassment, as the building landlord threatened two plaintiffs over painting their apartment and used the EPA protocols as a reason why.

During trial, defense produced only one noise complaint - dated 2005, from a tenant who passed away in 2011. No safety concerns were substantiated.

Settlement discussions were confidential, except to the extent that plaintiffs sought return of the garden to its previous configuration and lifting of the policy.  All monetary demands were made in mediation on the eve of trial. There were no 998's. The Court denied the requested relief of garden being returned.

Before and after photos are about two years apart in the same courtyard.



(http://www.juryverdictalert.com)

Print this Verdict

## Disclaimer

This is not an official court document. While the publisher believes the information to be accurate, the publisher does not guarantee it and the reader is advised not to rely upon it without consulting the official court documents or the attorneys of record in this matter who are listed above.

© Copyright 2021 by Neubauer & Associates, Inc. All rights reserved. www.juryverdictalert.com

Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
Anand Singh (SBN 250792)
asingh@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>    Plaintiff,<br><br>    v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50,<br><br>    Defendants. | **CASE NO.**<br><br>**DECLARATION OF VINH HO IN SUPPORT OF DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br><br>Judge:    Hon.<br>Dept.:<br><br>Complaint Filed:  December 18, 2023<br>Trial Date:    None Set<br><br>[Superior Court of California, County of Riverside Case No. CVRI2306778] |

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

<b><u>DECLARATION OF VINH HO</u></b>

1

2     I, Vinh Ho do hereby declare and state as follows:

3     1.    I have personal knowledge of the following facts, and if called to

4 testify, I could and would testify competently thereto.  I make this declaration in

5 support of Defendants' Wayfair Inc.'s and Wayfair LLC's (collectively, "Wayfair"

6 or "Defendants") Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1441 and

7 1446.

8     <b><u>My Employment With Wayfair As Associate Director of Talent Management</u></b>

9     2.    I am employed by Wayfair LLC as an Associate Director, Talent

10 Management.  I have been employed with Wayfair LLC since October 2021,

11 performing various job duties, including managing human resources activities.  In

12 my current position as Associate Director, Talent Management, I am readily familiar

13 with Wayfair's human resources operations conducted in California, including in

14 Perris, California (Perris_3500) the facility in which Plaintiff Deon McDaniel was

15 placed and performed work for Wayfair LLC.  As an Associate Director, Talent

16 Management, I have access to employment records of current and former employees

17 maintained in the ordinary course of business, including personnel files,

18 compensation records, health benefits and operational policies, and requests for

19 accommodations, including those of Plaintiff.

20     3.    As an Associate Director, Talent Management, I am also readily

21 familiar with the location of Wayfair's business operations.  I have access to records

22 and reports related to Wayfair's day-to-day business operations and business

23 structure.

24     <b><u>Plaintiff's Employment With Wayfair LLC</u></b>

25     4.    In preparing this declaration, I reviewed Plaintiff's employment

26 records, including his personnel file, which were prepared and have been maintained

27 by Wayfair LLC in the regular and ordinary course of business.

28     5.    Based upon my review of Plaintiff's personnel records, his last known

address on file is 549 North D Street, Apartment 106, Perris, CA 92570 Mr. McDaniel was employed by Wayfair LLC from approximately March 17, 2019 to September 26, 2023.  During the entirety of his employment with Wayfair LLC, I am informed and believed Mr. McDaniel lived and worked in California.

**Wayfair's Business Structure**

6.      In preparing this declaration, I reviewed Wayfair's business filings and conducted a business entity search through the State of Delaware, Division of Corporations and the Secretary of the Commonwealth of Massachusetts, Corporate Division, respectively.

7.      Wayfair LLC is a limited liability company, which was formed in Delaware.  A true and correct copy of Wayfair LLC's Entity Details from the Department of State of Delaware, Division of Corporations, is attached hereto as **Exhibit 1**.  A true and correct copy of Wayfair  LLC's September 2, 2011 Certificate of Amendment of a Foreign Limited Liability Company filed with the Secretary of the Commonwealth of Massachusetts, reflecting Delaware as the jurisdiction of Wayfair LLC's business organization, is attached hereto as **Exhibit 2**.

8.      Wayfair's sole member is SK Retail, Inc. ("SK Retail").  SK Retail is and, ever since this action commenced, has been incorporated in the State of Massachusetts.  A true and correct copy of SK Retail's 2020 Annual Report filed with the State of Massachusetts is attached hereto as **Exhibit 3**.

9.      SK Retail's principal place of business is in Boston, Massachusetts, Suffolk County.  SK Retail's headquarters and executive offices, where its high-level officers direct, control and coordinate its activities, are in Boston, Massachusetts.  Many of SK Retail's executive and administrative functions, including corporate financing and accounting, are directed from Boston, Massachusetts.  Nearly all of the corporate decisions of SK Retail, including operational, executive, administrative and policymaking decisions are made from its Boston, Massachusetts headquarters.  SK Retail's management and administrative

1  functions are located in Boston, Massachusetts, including human resources, finance

2  and accounting, treasury, legal, payroll, and safety.

3        10.    SK Retail is a wholly owned subsidiary of Wayfair Inc.  Wayfair Inc. is

4  a publicly traded company incorporated in the State of Delaware.  Wayfair Inc.'s

5  principal place of business, headquarters, and corporate offices are located in

6  Boston, Massachusetts, which is where it performs most of if its executive and

7  administrative functions.  Nearly all of Wayfair Inc.'s corporate decisions, including

8  operational, executive, administrative and policymaking, are made from its Boston

9  Massachusetts headquarters, including human resources, finance and accounting,

10  treasury, legal, payroll, and safety.  A true and correct copy of excerpts from

11  Wayfair Inc.'s Form 10-K for year-ending 2022, filed with the United States

12  Securities and Exchange Commission, is attached as **Exhibit 4**.

13        I declare under penalty of perjury under the laws of the United States that the

14  foregoing is true and correct.

15        Executed this 16th day of January 2024, at Freehold, New Jersey.

16

17

18              DocuSigned by:

            *Vinh Ho*

            F79A7BD778DF476...

19                  VINH HO

20

21

22

23

24

25

26

27

28

DECLARATION OF VINH HO IN SUPPORT OF DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S
NOTICE OF REMOVAL

**EXHIBIT 1**

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

[Allowable Characters]

**HOME**

| Entity Details |

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | **4512411** | Incorporation Date / Formation Date: | **3/14/2008** (mm/dd/yyyy) |
| Entity Name: | **WAYFAIR LLC** | | |
| Entity Kind: | **Limited Liability Company** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| Name: | **INCORPORATING SERVICES, LTD.** | | |
| Address: | **3500 S DUPONT HWY** | | |
| City: | **DOVER** | County: | Kent |
| State: | **DE** | Postal Code: | **19901** |
| Phone: | **302-531-0855** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ◉ Status  ○ Status,Tax & History Information

[Submit]

[View Search Results]          [New Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

**EXHIBIT 2**

MA SOC   Filing Number: 201152934290     Date: 9/2/2011 5:07:00 PM
09-02-'11 16:56  FROM-Bay State Corp Svcs    6177428484          T-043  P002/005 F-162

CERTIFICATE OF AMENDMENT
OF A FOREIGN LIMITED LIABILITY COMPANY

1.  The Federal Employer Identification Number is:  26-2188108.

2.  The name of the foreign limited liability company (the "LLC") is:  CSN Stores LLC.

3.  The LLC's state of formation is: Delaware.

4.  The date the LLC's Application for Registration was filed with the Massachusetts
    Secretary of the Commonwealth is:  March 17, 2008.

5.  The name and business address, if different from the LLC's principal office location, of
    each manager is:

    Niraj Shah
    Steven Conine

6.  The name of each person authorized to execute, acknowledge, deliver and record any
    recordable instrument purporting to affect an interest in real property whether to be filed
    with the registry of deeds or a district office of the land court, if any, and business
    address, if different from its principal location.

    Niraj Shah
    Steven Conine

7.  The amendment to the LLC's Application for Registration is as follows:

    "2.  The name of the foreign limited liability company (the "LLC") is:  Wayfair LLC."

    "6.  The name and business address of each manager is: "

    Neeraj Agrawal, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
    Steven Conine, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
    Alex Finkelstein, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
    Michael Kumin, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
    Ian Lane, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
    Niraj Shah, 177 Huntington Avenue, Suite 6000, Boston, MA 02115."

    "10.  The name of each person authorized to execute, acknowledge, deliver and record
    any recordable instrument purporting to affect an interest in real property whether to be
    filed with the registry of deeds or a district office of the land court, if any, and business
    address, if different from its principal location is:

    Neeraj Agrawal, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
    Steven Conine, 177 Huntington Avenue, Suite 6000, Boston, MA 02115

Alex Finkelstein, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
Michael Kumin, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
Ian Lane, 177 Huntington Avenue, Suite 6000, Boston, MA 02115
Niraj Shah, 177 Huntington Avenue, Suite 6000, Boston, MA 02115."

(Signature page follows)

IN WITNESS WHEREOF, the undersigned has executed this Application for Foreign Registration of CSN Stores LLC, as of this 2ᴺᴰ day of September, 2011.

CSN STORES LLC

By: _____

Name: Niraj Shah

Title:   Manager



*The First State*

PAGE 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "CSN STORES LLC", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "WAYFAIR LLC", THE FIRST DAY OF SEPTEMBER, A.D. 2011, AT 8 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID LIMITED LIABILITY COMPANY IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

4512411   8320

110974253

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 9006001

DATE: 09-01-11

MA SOC   Filing Number: 201152934290     Date: 9/2/2011 5:07:00 PM

## THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears

that the provisions of the General Laws relative to corporations have been complied with,

and I hereby approve said articles; and the filing fee having been paid, said articles are

deemed to have been filed with me on:

September 02, 2011 05:07 PM

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

**EXHIBIT 3**

MA SOC   Filing Number: 201270359610      Date: 2/16/2012 1:32:00 AM



## The Commonwealth of Massachusetts
## William Francis Galvin

**Minimum Fee: $100.00**

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

### Annual Report
(General Laws, Chapter 156D, Section 16.22; 950 CMR 113.57)

**Federal Employer Identification Number:** <u>043671804</u> *(must be 9 digits)*

**1. Exact name of the corporation:** <u>SK RETAIL, INC.</u>

**2. Jurisdiction of Incorporation:** State: <u>MA</u>   Country:

**3,4. Street address of the corporation registered office in the commonwealth and the name of the registered agent at that office:**

| | |
|---|---|
| Name: | <u>NIRAJ SHAH</u> |
| No. and Street: | <u>177 HUNTINGTON AVENUE</u><br><u>SUITE 6000</u> |
| City or Town: | <u>BOSTON</u>   State: <u>MA</u>   Zip: <u>02115</u>   Country: <u>USA</u> |

**5. Street address of the corporation's principal office:**

| | |
|---|---|
| No. and Street: | <u>177 HUNTINGTON AVENUE</u><br><u>SUITE 6000</u> |
| City or Town: | <u>BOSTON</u>   State: <u>MA</u>   Zip: <u>02115</u>   Country: <u>USA</u> |

**6. Provide the name and addresses of the corporation's board of directors and its president, treasurer, secretary, and if different, its chief executive officer and chief financial officer.**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| PRESIDENT | NIRAJ SHAH | 161 WEST NEWTON ST<br>BOSTON, MA 02118 USA |
| TREASURER | STEVEN CONINE | 37 BRADDOCK PARK<br>BOSTON, MA 02116 USA |
| SECRETARY | MICHAEL K BARRON | C/O DLA PIPER US LLP 33 ARCH STREET 26TH FLOOR<br>BOSTON, MA 02446 USA |
| VICE PRESIDENT | STEVEN CONINE | 37 BRADDOCK PARK<br>BOSTON, MA 02116 USA |
| DIRECTOR | NIRAJ SHAH | 161 WEST NEWTON ST<br>BOSTON, MA 02118 USA |
| DIRECTOR | STEVEN CONINE | 37 BRADDOCK PARK<br>BOSTON, MA 02116 USA |

**7. Briefly describe the business of the corporation:**

<u>RETAIL SALES OF FURNITURE AND OTHER PRODUCTS</u>

**8. Capital stock of each class and series:**

| Class of Stock | Par Value Per Share Enter **0** if no Par | Total Authorized by Articles of Organization or Amendments | | Total Issued and Outstanding |
|---|---|---|---|---|
| | | *Num of Shares* | *Total Par Value* | *Num of Shares* |
| CWP | $0.01000 | 1,000 | $10.00 | 500 |

**9. Check here if the stock of the corporation is publicly traded:** __

**10. Report is filed for fiscal year ending:** 12/31/ <u>2011</u>

Signed by   <u>MICHAEL K. BARRON</u> , its   <u>OTHER OFFICER</u>
**on this 16 Day of February, 2012**

© 2001 - 2012 Commonwealth of Massachusetts
All Rights Reserved

**EXHIBIT 4**

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
#### Washington, D.C. 20549

## Form 10-K

☒ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

#### For the fiscal year ended December 31, 2022
#### OR

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from _____ to _____
Commission File Number: 001-36666

## Wayfair Inc.
(Exact name of registrant as specified in its charter)

| **Delaware** | | **36-4791999** |
|---|---|---|
| (State or other jurisdiction of incorporation or organization) | | (I.R.S. Employer Identification Number) |
| **4 Copley Place** | **Boston,    MA** | **02116** |
| (Address of principal executive offices) | | (Zip Code) |

**(617) 532-6100**
(Registrant's telephone number, including area code)

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading symbol(s) | Name of each exchange on which registered |
|---|---|---|
| **Class A Common Stock, $0.001 par value** | **W** | **The New York Stock Exchange** |

Securities registered pursuant to Section 12(g) of the Act:
**None.**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐   No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files). Yes ☒   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company or an emerging growth company. See the definitions of "large accelerated filer", "accelerated filer", "smaller reporting company" and "emerging growth company" in Rule 12b-2 of the Exchange Act:

| | | |
|---|---|---|
| Large Accelerated Filer ☐ | ☒ Accelerated filer | ☐ |
| Non-accelerated filer ☐ | ☐ Smaller reporting company | ☐ |
| | ☐ Emerging growth company | ☐ |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report. ☒

If securities are registered pursuant to Section 12(b) of the Act, indicate by check mark whether the financial statements of the registrant included in the filing reflect the correction of an error to previously issued financial statements. ☐

Indicate by check mark whether any of those error corrections are restatements that required a recovery analysis of incentive-based compensation received by any of the registrant's executive officers during the relevant recovery period pursuant to §240.10D-1(b). ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☐   No ☒

1   Melvin L. Felton (SBN 276047)
    mfelton@sandersroberts.com
2   Anand Singh (SBN 250792)
    asingh@sandersroberts.com
3   **SANDERS ROBERTS LLP**
    1055 West 7th Street, Suite 3200
4   Los Angeles, CA 90017
    Telephone: (213) 426-5000
5   Facsimile: (213) 234-4581

6   Attorneys for Defendants
7   **WAYFAIR INC. AND WAYFAIR LLC**

8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                   EASTERN DIVISION

11  DEON MCDANIEL, an individual;          | **CASE NO.**

12                        Plaintiff,       | **VALERIE BONILLA'S NOTICE OF
                                           | CONSENT TO DEFENDANTS
13       v.                                | WAYFAIR INC.'S AND WAYFAIR
                                           | LLC'S NOTICE OF REMOVAL**
14  WAYFAIR, INC., a Delaware Corporation;
    WAYFAIR, LLC, a Delaware Limited       | Judge:      Hon.
15  Liability Company; VALERIE ("Last Name | Dept.:
    Unknown"), an individual; and DOES 1
16  through 50,                            | Complaint Filed: December 18, 2023
                                           | Trial Date:     None Set
17                        Defendants.
                                           | [Superior Court of California, County of
18                                         | Riverside Case No. CVRI2306778]

19

20

21

22

23

24

25

26

27

28

## <u>VALERIE BONILLA'S NOTICE OF CONSENT TO REMOVAL</u>

1. On or around December 18, 2023, Plaintiff Deon McDaniel ("Plaintiff") filed an action in the Superior Court of California, County of Riverside, entitled *Deon McDaniel v. Wayfair Inc. et al.*, Case No. CVRI2306778.

2. The Complaint purports to name Wayfair Inc., Wayfair LLC, and Valerie ("Last Name Unknown") as defendants.  I am informed and believe that I am the person identified as Valiere ("Last Name Unknown") in the caption.  I have not been served with a copy of the Complaint, and I have not appeared in this action.

2. I am aware that Defendants Wayfair Inc. and Wayfair LLC (collectively, "Wayfair") will be filing a Notice of Removal to remove this case from the Superior Court of California, County of Riverside, to the United States District Court for the Central District of California.  I consent to Wayfair's Removal of Action under 28 U.S.C. § 1446(b).  However, I do not intend for my consent to constitute my official appearance in this matter.

3. I have worked at Wayfair LLC's Perris, CA warehouse located at 3500 Indian Avenue, California 92571, from approximately December 2021 as a talent managaer, a non-executive position.  In this role, I was never responsible for or otherwise decided or controlled Wayfair's corporate policies or business operations.  Rather, I was responsible for providing human resources support, such as assisting managers and employees with performance management, disciplinary processes, and responding to and/or investigating employee concerns.

4. During my employment with Wayfair LLC, I was never a corporate officer, director, or managing agent of Wayfair, nor did I ever hold an executive position at Wayfair.  Moreover, I do not own, and have never owned, a controlling interest in Wayfair's business.

1         I declare under the penalty of perjury that the foregoing is true and correct

2    under the laws of the United States of America.

3         Executed on January 16, 2024, at Perris, California.

4    

5    *Val Bonilla*     Valerie Bonilla

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is awebster@sandersroberts.com.

On January 18, 2024, I served the following document(s) described as DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 AND 1446 on the interested parties in this action as follows:

☐    **By Mail:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒    **By Electronic Mail:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

DEON MCDANIEL, an individual;, v. WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 18, 2024, at Los Angeles, California.

_____/s/ Allison Webster_____
Allison Webster

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANTS WAYFAIR INC.'S AND WAYFAIR LLC'S NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

## SERVICE LIST

*McDaniel v. Wayfair, LLC et al.*
RSC – Case No. CVRI2306778

| | |
|---|---|
| Brent P. Marlis | **Attorneys for Plaintiffs** |
| Garen R. Nadir, | DEON MCDANIEL |
| Jackson Scalia | |
| **THE WORK JUSTICE FIRM** | |
| 3530 Wilshire Boulevard, Suite 1460 | |
| Los Angeles, CA 90010 | |
| Tel: 323.775.9000 | |
| Fax: 323.775.9000 | |
| E-Mail: | |
| brent@workjustice.com | |
| garen@workjustice.com | |
| jackson@workjustice.com | |

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**EXHIBIT B**

| | |
|---|---|
| **From:** | Ally Webster |
| **To:** | Brent Marlis; Garen Nadir; Jackson Scalia; bieni@workjustice.com |
| **Cc:** | Melvin Felton; Anand Singh; Brittney Samuels |
| **Subject:** | E-SERVICE: McDaniel v. Wayfair LLC, et al. |
| **Date:** | Thursday, January 18, 2024 10:28:00 AM |
| **Attachments:** | 2024.01.18 Ntc of Removal to Super Ct and Plf.pdf |
| | image001.png |

Dear Counsel,

Attached please find Defendants' Wayfair LLC and Wayfair Inc.'s Notice to State Court of Removal to Federal Court.

Best regards,



**Allison "Ally" Webster,** PARALEGAL
awebster@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 8284 | f 213 234 4581 | sandersroberts.com

**In response to recent events concerning COVID-19, Sanders Roberts LLP is moving to Electronic Mail Service for all documents. Please e-serve all legal correspondence, motions, discovery and pleadings in place of service via U.S. mail or other methods that involve delivery of materials to our offices. Please include in your electronic service all attorneys on the applicable proof of service. Please also cc all e-served documents to the following address:** mail@sandersroberts.com.

NOTICE: CONFIDENTIAL AND PRIVILEGED INFORMATION - This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.