Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DEON MCDANIEL, an individual; <br><br> Plaintiff, <br><br> v. <br><br> WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50, <br><br> Defendants. | **CASE NO. 5:24-cv-00109-JGB-DTB** <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF DEON MCDANIEL'S MOTION IN LIMINE #1 TO EXCLUDE DEFENDANTS' WITNESSES AND EVIDENCE NOT DISCLOSED IN DISCOVERY FROM TRIAL** <br><br> Complaint Filed: December 18, 2023 <br> Trial Date: None Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants Wayfair, Inc. and Wayfair, LLC ("Defendants") respectfully oppose Plaintiff Deon McDaniel's ("Plaintiff") Motion in Limine to exclude witnesses and evidence not disclosed in discovery. The exclusion of witnesses is a severe measure that should only be imposed in cases of willful misconduct or bad faith. Defendants have acted in good faith by disclosing witnesses, cooperating with Plaintiff's counsel to schedule depositions, even after the close of discovery, and offering a continuance to accommodate any necessary depositions.

## II. STATEMENT OF RELEVANT FACTS



On May 28, 2025, Defendant's Rule 26(a) disclosures identified the following potential witnesses: Valeria Bonilla, Linda Herzstein, Whitney Cabot, and other unknown individuals. (Plaintiff's Exh. 5)

In its October 24, 2024 responses to Special Interrogatories, Defendant identified additional witnesses: Alex Mesa, Joe Matus, Luis Cardenas, Victor Ramos, Vanessa Galvin, Renee Botello, Arturo Munoz Ruiz, Michael Vela, Christopher Ruiz, Gerardo Duran, and Miguel Padilla Jr. and in the deposition of defendant's employee Valerie Bonilla: Steven Rocha, Matther Zurita, Mel Fields and Brian McGrady were also identified as potential witnesses. (Plaintiff's Exh. 6)

On January 20, 2025, Plaintiff served notices of taking the depositions of Linda Herzstein, Valerie Bonilla and Renee Botello, which were noticed for February 24 and 25, 2025. Due to scheduling issues, the depositions did not proceed as noticed. [Felton Decl. ¶4 and Exh. 1, 2, 3]

On May 1, 2025, Plaintiff's counsel asked for dates for depositions of Valeria Bonilla, Linda Herzstein, and Renee Botello. Plaintiff did not ask for dates to take depositions of other individuals who were identified in Defendant's Rule 26(a) disclosures or its October 2024 discovery responses to Special Interrogatories. Mr.

1  Felton was out of the office, but on May 22, 2025, he emailed Plaintiff's counsel and
2  offered to allow depositions to be taken after discovery cut-off, due to impacted
3  schedules. (Plaintiff's Exh. 2)
4         Receiving no response to his May 22, 2025 e-mail to Plaintiff's counsel, on
5  June 3, 2025, Mr. Felton emailed counsel to follow up regarding scheduling
6  depositions. In his email, Mr. Felton informed Plaintiff's counsel that Ms. Botello's
7  last day with the Company would be June 13, 2025, and her deposition should be
8  completed by then. Plaintiff's counsel selected June 13, 2025 to take Ms. Botello's
9  deposition, and her deposition was completed on that date. (Plaintiff's Exh. 2)
10         On July 8, 2025, Mr. Felton sent an e-mail to Plaintiff's counsel proposing July
11  22, 2025 for Ms. Bonilla's deposition and July 24, 2025 for Ms. Herzstein's
12  deposition. Their depositions were completed on those dates. (Plaintiff's Exh. 3)
13         Plaintiff's counsel delayed in requesting additional depositions until after the
14  discovery cut-off. Specifically, on July 23, 2025, Plaintiff's counsel asked for contact
15  information or dates to take the depositions of Steven Rocha, Matthew Zurita, Mel
16  Fields, Brian McGrady, Arturo Munoz Ruiz, Michael Vela, Joe Matus and Gerardo
17  Duran. Mr. Felton reminded counsel that discovery was closed, but told Plaintiff's
18  counsel that he would ask his client. Plaintiff's counsel responded and pointed out
19  that he had noticed depositions in January. However, the depositions that Plaintiff's
20  counsel noticed in January 2025 were only regarding Valerie Bonilla, Linda
21  Herzstein, and Renee Botello – two of them (Botello and Bonilla) had already been
22  completed and Herzstein's deposition was taken the following day. (Plaintiff's Exh.
23  3 and [Felton Decl. ¶8 and Ex 1, 2, 3])
24         On August 19, 2025, Defendant's counsel sent an e-mail to Plaintiff's counsel
25  proposing a stipulation to continue trial for the purpose of taking additional
26  depositions – a draft stipulation was attached.
27         On August 20, 2025, Mr. Felton followed up, sending an email to opposing
28  counsel, who responded that he needed to discuss this with his client. Plaintiff's

counsel failed to respond to Mr. Felton regarding a trial continuance to allow taking the late-requested depositions, opting instead to file the current motion in limine, accusing Defendant of failing to disclose and failing to permit taking depositions of witnesses. Plaintiff's Exh. 3; Felton Decl. ¶10]

And last, Local Rule 37 requires the parties to confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. However, Plaintiff's counsel failed to confer regarding its motion in limine and failed to mention it's proposed motion when the parties met regarding Defendant's proposed motions in liminie. [Felton Decl. ¶11]

### III. ARGUMENT

The exclusion of evidence is a drastic remedy that is generally reserved for situations where a party's failure to disclose was both willful and in bad faith. Courts have consistently held that exclusion is not appropriate where the failure to disclose was substantially justified or harmless. Federal Rule of Civil Procedure 37(c)(1).

The Ninth Circuit held that exclusion is not warranted where the failure to disclose was neither willful nor in bad faith, and where the opposing party is not prejudiced. R & R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240 (9th Cir. 2012), Similarly, in Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705 (9th Cir. 2010), the court emphasized that exclusion is inappropriate where the party acted in good faith and the failure to disclose was harmless. And the court must consider the possibility that a continuance would cure any prejudice to the opposing party. Tex. A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003).

#### A. Defendants' Good Faith Efforts

Defendants have made every effort to comply with discovery obligations. Defendants have acted in good faith, disclosed witnesses, offered to allow depositions after discovery closed, and offered to stipulate to a trial continuance to allow time for Plaintiff to take depositions.

1. **Defendants Acted in Good Faith and Disclosed Witnesses**

Defendants have consistently acted in good faith throughout the discovery process. On May 28, 2025, Defendant's Rule 26(a) disclosures identified the following potential witnesses: Valeria Bonilla, Linda Herzstein, Whitney Cabot, and other unknown individuals. In its October 24, 2024 responses to Special Interrogatories, Defendant identified additional witnesses: Alex Mesa, Joe Matus, Luis Cardenas, Victor Ramos, Vanessa Galvin, Renee Botello, Arturo Munoz Ruiz, Michael Vela, Christopher Ruiz, Gerardo Duran, and Miguel Padilla Jr. and in the deposition of defendant's employee Valerie Bonilla Steven Rocha, Matther Zurita, Mel Fields and Brial McGrady were also identified as potential witnesses.

2. **Offer of Continuance**

Following Plaintiff's late-requested depositions, Defendants offered to schedule the depositions after the discovery cut-off, and offered to stipulate to a trial continuance to allow Plaintiff the opportunity to depose any previously disclosed witnesses and the several newly disclosed witnesses. Plaintiff, however, failed to accept this offer and instead filed its motion in limine.

3. **No Willful Misconduct or Bad Faith**

The delay in scheduling depositions was not due to willful misconduct or bad faith. The depositions of three witnesses were conducted in June and July 2025 due to scheduling conflicts and other logistical issues, not due to any intentional delay by Defendants. Defendants have made every effort to comply with discovery obligations and have been transparent in their communications with Plaintiff. And should Wayfair pursue its undue burden affirmative defense, it plans to introduce witnesses Karen Espejo Cuevas and Luis Hernandez. These are witnesses who can attest to the essential functions of other entry level jobs at the warehouses/facilities in question.

4. **Plaintiff's Delay in Conducting Discovery**

Plaintiff's delay in conducting discovery should not be used as a basis to exclude Defendants' witnesses. Defendants offered to schedule depositions on May

22, 2025, but Plaintiff did not take advantage of this opportunity until June and July 2025. And then on July 23, 2025, after discovery had closed, Plaintiff sent a list of eight individuals whom it wanted to take depositions – half of those individuals had been identified by Defendant in October 2024. The delay in conducting discovery is attributable to Plaintiff's own actions, and Defendants should not be penalized for Plaintiff's lack of diligence.

### B. The Introduction of Proposed Witnesses is Harmless



The introduction of these witnesses is harmless as Plaintiff has been given ample opportunity to depose them and prepare for trial. And if Plaintiff would be harmed by the introduction of certain witnesses, that issue can be resolved by allowing Plaintiff to depose those witnesses, even if it requires a short continuance of trial. In fact, in Mariscal v. McIntosh C.D. California. December 19, 2006 2006 WL 6627090, Plaintiff requested the court to issue an order "precluding defendants from introducing any witnesses or evidence not previously disclosed in pretrial documents and discovery pursuant to Federal Rules of Civil Procedure 26(a) and 37, and Local Rule 16-2.4. Defendants contended that they did disclose witnesses and the failure to take depositions of trial witnesses was Plaintiff's fault. The court denied Plaintiff's motion. But, the court also found that plaintiff has the right to depose the witnesses that are to be called at trial because those witnesses should have been disclosed in the Rule 26 report.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the court deny Plaintiff's Motion in Limine to exclude witnesses and evidence not disclosed in discovery. Defendants have acted in good faith, it did disclose witnesses, offered to allow depositions after discovery closed, and offered to stipulate to a trial continuance to allow time for Plaintiff to take depositions.  Exclusion of witnesses is not justified under the circumstances, and the court must deny Plaintiff's motion.

///

1
2  Dated:  September 5, 2025            **SANDERS ROBERTS LLP**
3
4                                        By: _____
                                             Melvin L. Felton, Esq.
                                             Attorneys for Defendants
5                                            **WAYFAIR INC. AND WAYFAIR LLC**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO PLAINTIFF DEON MCDANIEL'S MOTION IN LIMINE #1