Melvin L. Felton (SBN 276047)
mfelton@sandersroberts.com
**SANDERS ROBERTS LLP**
515 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorney for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DEON MCDANIEL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR, INC., a Delaware Corporation; WAYFAIR, LLC, a Delaware Limited Liability Company; VALERIE ("Last Name Unknown"), an individual; and DOES 1 through 50,<br><br>Defendants. | **CASE NO. 5:24-cv-00109-JGB-DTB**<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Complaint Filed: December 18, 2023<br>Trial Date: October 14, 2025 |

Following pretrial proceedings, pursuant to Federal Rules of Civil Procedure, Rule 16, and Local Rule 16-1, *et seq.*,

IT IS ORDERED:

**1. PARTIES.**

Plaintiff:    Deon McDaniel

Defendants:   Wayfair, Inc., Wayfair, LLC

All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

**2. JURISDICTION AND VENUE.**

There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1332(a). Venue lies in the United States District Court for the Central District of California because Plaintiff filed the Action in Riverside County Superior Court, within this judicial district.

**3. TRIAL ESTIMATE.**

The parties estimate the trial will take 3-5 court days, excluding deliberations.

**4. JURY TRIAL.**

Plaintiff has made a timely demand for a jury trial.

**5. ADMITTED FACTS REQUIRING NO PROOF.**

The Parties have not stipulated to any facts requiring no proof.

**6. STIPULATED FACTS WITHOUT PREJUDICE TO EVIDENTIARY OBJECTIONS.**

The parties have stipulated to the fact (1) Deon McDaniel was an employee of Wayfair, LLC; (2) Plaintiff had a disability during the relevant period, and (3) Wayfair Inc. was a parent company of Wayfair LLC.

///

///

///

## 7. CLAIMS AND DEFENSES

Plaintiff:

**Plaintiff Plans to Pursue the Following Claims Against Defendants:**

**Claim 1: Discrimination on the Basis of Disability.**

**Legal Elements:**

Plaintiff's Position:

1. That Wayfair was an employer;

2. That Mr. McDaniel was an employee of Wayfair;

3. That Wayfair knew, or should have known, that Mr. McDaniel had a disability that limited a major life activity, or perceived him as having such a disability;

4. That Mr. McDaniel was able to perform the essential job duties of his position either with or without reasonable accommodation for his disability;

5. That Wayfair discharged Mr. McDaniel, that Wayfair subjected Mr. McDaniel to an adverse employment action, or that Mr. McDaniel was constructively discharged.

6. That Mr. McDaniel's disability or perceived disability was a substantial motivating reason for Wayfair's decision to discharge Mr. McDaniel or subject Mr. McDaniel to an adverse employment action.

7. That Mr. McDaniel was harmed; and

8. That Wayfair's conduct was a substantial factor in causing Mr. McDaniel's harm.

Defendant's Position:

1. Deon McDaniel was an employee of Wayfair, LLC;

2. Wayfair LLC knew that Mr. McDaniel's was permanently, medically restricted from lifting more than 50 pounds;

3. Regularly lifting up to 75 pounds was an essential function of Mr. McDaniel's job and all jobs at Wayfair Mr. McDaniel qualified to perform.

4. Mr. McDaniel was medically restricted from performing this essential function on a permanent basis and because his restriction was permanent, there was no reasonable accommodation that would enable him to perform his job;

5. Mr. McDaniel's inability to perform an essential job function with or without an accommodation was the reason for his separation;

6. Mr. McDaniel was not harmed; and

7. Wayfair LLC did not cause Mr. McDaniel any harm.

Key Evidence Plaintiff Relies on for each Claim: Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

Key Evidence Defendant Relies on to defend this Claim: Testimony about Mr. McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

**Claim 2: Failure to Failure to Provide Reasonable Accommodation**

**Legal Elements:**

Plaintiff's Position:

1. That Wayfair was an employer;

2. That Mr. McDaniel was an employee of WAYFAIR;



3. That Mr. McDaniel had a disability that limited a major life activity that was known to Defendant, or that WAYFAIR perceived him as having such a disability;

4. That Mr. McDaniel was able to perform the essential duties of his position with reasonable accommodation for his disability;

5. That WAYFAIR failed to provide reasonable accommodation for Mr. McDaniel's disability;

6. That Mr. McDaniel was harmed; and

7. That WAYFAIR's failure to provide reasonable accommodation was a substantial factor in causing Mr. McDaniel's harm.

Defendant's Position:

1. Deon McDaniel was an employee of Wayfair, LLC;
2. Wayfair LLC knew that Mr. McDaniel's was permanently, medically restricted from lifting more than 50 pounds;
3. Mr. McDaniel was medically restricted from performing this essential function on a permanent basis and because his restriction was permanent, there was no reasonable accommodation that would enable him to perform his job;
4. Mr. McDaniel was not harmed; and
5. Wayfair LLC did not cause Mr. McDaniel any harm.

Key Evidence Plaintiff Relies on for each Claim: Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

Key Evidence Defendant Relies on to defend this Claim: Testimony about Mr.

McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

**Claim 3: Failure to Engage in the Interactive Process:**

**Legal Elements:**

Plaintiff's Position:

1. That WAYFAIR was an employer;
2. That Mr. McDaniel was an employee of WAYFAIR;
3. That Mr. McDaniel had a disability that limited a major life activity that was known to Defendant.
4. That Mr. McDaniel requested that WAYFAIR make reasonable accommodation for his disability, or his disability was perceived by Defendant, so that he would be able to perform the essential job requirements;
5. That Mr. McDaniel was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements;
6. That WAYFAIR failed to participate in a timely good-faith interactive process with Mr. McDaniel to determine whether reasonable accommodation could be made;
7. That Mr. McDaniel was harmed; and
8. That WAYFAIR's failure to engage in a good-faith interactive process was a substantial factor in causing Mr. McDaniel 's harm.

Defendant's Position:

1. Mr. McDaniel was an employee of Wayfair LLC;
2. Wayfair LLC knew that Mr. McDaniel's was permanently, medically restricted from lifting more than 50 pounds;
3. Mr. McDaniel requested to be moved to a position in another Wayfair

   warehouse as an accommodation for his permanent lifting restriction;

4. Wayfair participated in a good faith interactive process, however such a process was futile because there was no reasonable accommodation available that could enable him to perform the essential functions of any position he was qualified to perform;

5. Mr. McDaniel was not harmed; and

6. Wayfair LLC did not cause Mr. McDaniel any harm.

<u>Key Evidence Plaintiff Relies on for each Claim</u>: Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

<u>Key Evidence Defendant Relies on to defend this Claim</u>:  Testimony about Mr. McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

### Claim 4: Retaliation in Violation of FEHA

**Legal Elements:**

<u>Plaintiff's Position</u>**:**

1. That Mr. McDaniel engaged in a protected activity.

2. That Wayfair discharged Mr. McDaniel, subjected Mr. McDaniel to an adverse employment action or Plaintiff was constructively discharged.

3. That Mr. McDaniel's protected activity was a substantial motivating reason for Wayfair's Decision to discharge or subject Plaintiff to an adverse employment action.

    4.    That Plaintiff was harmed; and

    5.    That Wayfair's decision to discharge or subject Plaintiff to an adverse employment action was a substantial factor in causing Mr. McDaniel Harm.

<u>Defendant's Position</u>:

1. Deon McDaniel requested to transferred to another Wayfair warehouse where he assumed he could work without violating his permanent lifting restriction as an accommodation;
2. Unable to accommodate Mr. McDaniel's permanent lifting restriction in a manner that would enable him to perform the essential functions of any job he was qualified to perform, Wayfair separated his employment;
3. Mr.McDaniel's inability to perform the essential functions of any Wayfair job he was qualified to work led to his separation; and
4. Mr. McDaniel was not harmed in any way by Wayfair.

<u>Key Evidence Plaintiff Relies on for each Claim</u>: Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

<u>Key Evidence Defendant Relies on to defend this Claim</u>: Testimony about Mr. McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

///
///
///

**Claim 5: Failure to Prevent Harassment, Retaliation or Discrimination**

**Legal Elements:**

Plaintiff's Position:

1. That Mr. McDaniel was an employee of Wayfair
2. That Mr. McDaniel was subjected to discrimination or retaliation in the course of his employment.
3. That Wayfair failed to take all reasonable steps to prevent discrimination or retaliation.
4. That Mr. McDaniel was harmed
5. That Wayfair's failure to take all reasonable steps to prevent discrimination or retaliation was a substantial factor in causing Mr. McDaniel's harm.

Defendant's Position:

1. Deon McDaniel was an employee of Wayfair, LLC;
2. Mr. McDaniel was not subjected to any discrimination or retaliation;
3. Wayfair maintained policies and procedures designed to prevent discrimination and retaliation;
4. Mr. McDaniel was not harmed in an way; and
5. Wayfair caused no harm to Mr. McDaniel.

Key Evidence Plaintiff Relies on for each Claim: Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

Key Evidence Defendant Relies on to defend this Claim: Wayfair's EEO policies and Mr. McDaniel's acknowledgements; testimony on how Wayfair communicates

its EEO policies; testimony about Mr. McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

### Claim 6: Whistleblower Retaliation Labor Code 1102.5

### Legal Elements:

Plaintiff's Position:

    1.    That Wayfair was Mr. McDaniel's employer.

    2.    That Mr. McDaniel disclosed to a person with authority over Mr. McDaniel or an employee with authority to investigate discover or correct legal violations/noncompliance that Mr. McDaniel disclosed.

    3.    That Mr. McDaniel had reasonable cause to believe that the information disclosed a violation of, or noncompliance with, a state, federal statute, or a state, federal, or local rule, or regulation

    4.    That Wayfair discharged or otherwise subjected Mr. McDaniel to an adverse employment action.

    5.    That Mr. McDaniel's disclosure of information was a contributing factor in Wayfair's decision to discharge or subject Plaintiff to an adverse employment action.

    6.    That Mr. McDaniel was harmed; and

    7.    That Wayfair's conduct was a substantial factor in causing Mr. McDaniel's harm.

Defendant's Position:

    6. Deon McDaniel was an employee of Wayfair, LLC;

    7. Mr. McDaniel made no disclosures;

    8. While Wayfair discharges Mr. McDaniel, it was because he could not perform the essential functions of any position he was qualified to work with

or without an accommodation;

9. Mr. McDaniel suffered no harm; and

10. Wayfair cause Mr. McDaniel no harm.

Key Evidence Plaintiff Relies on for each Claim: Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

Key Evidence Defendant Relies on to defend this Claim: Testimony about Mr. McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

### Claim 7: Labor Code 98.6 Retaliation

Plaintiff's Position:

1. That Wayfair was Mr. McDaniel's employer.

2. That Mr. McDaniel disclosed to a person with authority over Mr. McDaniel or an employee with authority to investigate discover or correct legal violations/noncompliance that Mr. McDaniel disclosed.

3. That Mr. McDaniel had reasonable cause to believe that the information disclosed a violation of, or noncompliance with, a state, federal statute, or a state, federal, or local rule, or regulation

4. That Wayfair discharged or otherwise subjected Mr. McDaniel to an adverse employment action.

5. That Mr. McDaniel's disclosure of information was a contributing factor in Wayfair's decision to discharge or subject Plaintiff to an adverse employment action.

6. That Mr. McDaniel was harmed; and

7. That Wayfair's conduct was a substantial factor in causing Mr. McDaniel's harm.

Defendant's Position:

11. Deon McDaniel was an employee of Wayfair, LLC;

12. Mr. McDaniel made no disclosures;

13. While Wayfair discharges Mr. McDaniel, it was because he could not perform the essential functions of any position he was qualified to work with or without an accommodation;

14. Mr. McDaniel suffered no harm; and

15. Wayfair cause Mr. McDaniel no harm.

Key Evidence Plaintiff Relies on for each Claim: Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

Key Evidence Defendant Relies on to defend this Claim:Testimony about Mr. McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

**Claim 8: Wrongful Termination in Violation of Public Policy**

Plaintiff's Position:

    1. That Plaintiff was employed by Wayfair.

    2. That Wayfair discharged Mr. McDaniel.

    3. That the following violations were substantial motivating reasons for Mr. McDaniel's Discharge.

        a. Mr. McDaniel's disability or medical condition

        b. Mr. McDaniel's request for reasonable accommodations

        c. Mr. McDaniel's attempts to engage in the interactive process

        d. Mr. McDaniel's protected activity

        e. Mr. McDaniel's whistleblower complaints

    4. That Mr. McDaniel was harmed; and

    5. That Wayfair's conduct was a substantial factor in causing Mr. McDaniel's harm.

<u>Defendant's Position:</u>

16. Deon McDaniel was an employee of Wayfair, LLC;

17. Wayfair separated Mr. McDaniel's because there was no reasonable accommodation that would enable him to perform the essential functions of any job he was qualified to perform and that would not violate his permanent work restrictions;

18. Mr. McDaniel suffered no harm; and

19. Wayfair cause Mr. McDaniel no harm.

<u>Key Evidence Plaintiff Relies on for each Claim</u> Testimony regarding Mr. McDaniel's injury, attempts to return to work, work restrictions, and job duties. Medical records reflecting Plaintiff's work restrictions. Communications between Wayfair employees regarding Plaintiff's termination and accommodation efforts. Wayfair's policies regarding discrimination and accommodation. Testimony regarding Plaintiff's damages and post termination employment. Public Statements made by Wayfair made to investors.

<u>Key Evidence Defendant Relies on to defend this Claim</u>:Testimony about Mr.

McDaniel's essential job functions; his job qualifications; the jobs he was qualified to work at Wayfair; the essential functions of the jobs he was qualified to perform at Wayfair; his work restrictions; his requested accommodations; Wayfair's efforts to accommodate Mr. McDaniel; and Plaintiff's failure to mitigate his damages.

### 6. ULTIMATE ISSUES TO BE TRIED

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

Plaintiff's 1-8 Causes of Action.

### 7. Discovery

All Discovery is Complete.

### 8. Disclosures

All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit Nos. 359 as it was not produced in discovery, Exhibits No. 301-309, 312, 314 as they are not identified by bates number and it is not apparent what these documents are.

Defendant objects to any exhibit or portion of an exhibit that would identify Wayfair's wealth (MIL NO. 2); any exhibit that would identify the cause of Mr. McDaniel's injury (MIL No. 3) and specifically Exhibit Nos. 56-569.        .

### 9. Witness Lists

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

Plaintiff objects to the presentation of testimony by deposition of all witnesses.

Defendant will designate portions of deposition testimony from witness Linda Herzstein, which is Plaintiff's Exhibit No. 564.

**10. Law and Motion**

The following law and motion matters and motions in limine, and no others, are pending or contemplated:

Plaintiff's Motion in Limine #1

Defendant's Motion in Limine #1

Defendant's Motion in Limine #2

The Parties have presented two verdict forms regarding Plaintiff's Claim for Failure to Engage in the Interactive process based on a split of authority. This split of authority is reflected in CACI No. VF-2513 and described below. The question is whether a reasonable accommodation must exist for Defendant's duty to engage in the interactive process to arise. "[T]here is a split of authority as to whether the employee must also prove that a reasonable accommodation was available. (Compare *Shirvanyan v. Los Angeles Community College Dist.* (2020) 59 Cal.App.5th 82, 87 [273 Cal.Rptr.3d 312] ["the availability of a reasonable accommodation is an essential element of an interactive process claim"] and *Nadaf-Rahrov v. The Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 980-985 [83 Cal.Rptr.3d 190] [employee who brings section 12940(n) claim bears burden of proving a reasonable accommodation was available before employer can be held liable under the statute] with *Wysinger v. Automobile Club of Southern California* (2007) 157 Cal.App.4th 413, 424-425 [69 Cal.Rptr.3d 1] [jury's finding that no reasonable accommodation

was possible is not inconsistent with its finding of liability for refusing to engage in interactive process] and *Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 243 [35 Cal.Rptr.3d 837]; *see Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1018-1019 [93 Cal.Rptr.3d 338] [attempting to reconcile conflict].)"

## 11. Bifurcation

Defendant requests to bifurcate liability and damages or, alternatively, damages and punitive damages.

## 12. Admissions made by Parties

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: September 12, 2025        **SANDERS ROBERTS LLP**

By: _____
Melvin L. Felton, Esq.
Attorney for Defendants
**WAYFAIR INC. AND WAYFAIR LLC**

Dated: September 12, 2025        **THE WORK JUSTICE FIRM**

By:/s/ Jackson Scalia
Brent P. Marlis, Esq.
Garen R. Nadir, Esq.
Jackson Scalia, Esq.
Attorneys for Plaintiff,
**DEON McDaniel**